**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AKTHAM ABUHOURAN,
Pro se Petitioner

v.

DAVID L. WINN,
Respondent

Case No.

Petition Pursuant to Title 28 U.S.C § 2241

**05-40127**

**HABEAS CORPUS PETITION PURSUANT TO**
**MURRAY V. CARRIER, 447, 91 LEd. 2d 397, 106 Sct 2639 (1986)**

Respectfully submitted by:

Aktham Abuhouran,
Pro.se.Petitioner
Reg.No. 18938-050
FMC, Devens - Unit N2
P.O.Box 879
Ayer, MA 01432

05-40127

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AKTHAM ABUHOURAN,
Prose Petitioner

Case No.________________

v.

DAVID L. WINN,
Respondent

Petition Pursuant to Title 28 U.S.C. § 2241

**PETITIONER IS ENTITLED FOR HABEAS RELIEF WHEN HE IS ACTUALLY INNOCENT OF THE CRIME OF MONEY LAUNDERING CHARGE ON COUNT 27 OF HIS INDICTMENT**

COMES NOW, Aktham Abuhouran, Petitioner, Prose, hereinafter Petitioner, move this Honorable Court to submit his "Factual Innocence Claim" pursuant to 28 USC § 2241. Petitioner avers that he is factually innocent of the money laundering charge ( count 27). This petition is maintainable under **Carrier, Sawyer,** and **Schlup.**

**PROCEDURAL HISTORY**

On October 12, 1995, Petitioner was indicted in the Eastern District of Pennsylvania ( Indictment No. 95-0560-04) among others, Petitioner proceeded to a jury trial and found guilty on November 1996.

On August 21, 1997, Petitioner was sentenced on all counts, 4 counts of Bank Fraud, 1 count of Money Laundering, 1 count of Conspiracy to Commit Money Laundering. The sentence was based on

count (27) of the indictment of Money Laundering.

On August 21, 1997 a notice of appeal was timely taken and affirmed by the Court of Appeals for the Third Circuit on November 27, 1998. Timely motion for reconsideration en banc filed and was denied on January 25, 1999.

On January 7, 2000, Petitioner filed habeas corpus motion pursuant to 28 USC § 2255, raising two grounds.

On August 8, 2000, Petitioner filed motion for leave to supplemented his motion with aditional claim and reinforce his first claim raised in his original habeas corpos motion dated January 7, 2000.

On June 8, 2001, the District Court denied Petitioner's motion for supplemental his intial habeas motion as time barred and mailed the notice to the old institution that Petitioner was housed in ( FCI McKean, PA), However, it was never forward to Petitioner's new place of confinement which was at the time FCI Ray Brook, N.Y. Petitioner arrived at FCI Ray Brook on May 12, 2000.

On May 14, 2003, Petitioner's brother filed on his behalf a motion under 28 USC § 2244 for order authorizing District Court to consider second or successive motion § 2255 and on July 21, 2003 the Court of Appeals for the Third Circuit denied the motion.

**STATEMENT OF THE CASE**

Petitioner assert that he is factually innocent of the crime

of money laundering he was charged with in count 27 of the indictment. The new evidence and information that became available to Petitioner, reinforce this claim and will prove beyond a reasonable doubt that Petitioner is innocent of the crime of money laundering. The evidence pertaining to the financial information and transaction that dealt with the bank account with First Fidelity Bank in New Jersey and an account with the Bank of the Brandy Wine Vally in West Chester, Pennsylvania, which count 27 relied on those transaction especially Check No 1108 drawn on the account of First Fidelity Bank of North Jersey for $ 100,000.00 payable to Raymond E. Murphy,Esq., that check was neither issued nor signed by Petitioner nor Petitioner had knowledge of the transaction.

Petitioner's brother Hitham Abuhouran a/k/a Steve Houran, who was the Government alleged leader in the indictment or the main man did infact establish these accounts and forged petitioner's signature on all bank account documents, checks, loans, and all other documents without Petitioner's knowledge or consent. (see Hitham Abuhouran's Affidavit attached to this motion and marked as Exhibit "A").

Had this information been presented properly to a jury, no reasonable jurror would have convicted Petitioner and the outcome of the verdict would have been different.

Had Steve Houran was permitted to testify or had the Petitioner's Counsel request the Court to produce Steve Houran to testify in Petitioner's trial to clear many of the Government misleading information and testified to the facts herein would have been the immediate

equital to Petitioner or at the least on count (27) of the indictment. The record will show that Petitioner never signed check # 1108 among all other checks in that particular account of the First Fidelity Bank and the Bank of the Brandy Wine Vally account and transactions. Indeed the Government through the testimoney of Steve Bannett, the bank's vice president and C.E.O testified in open Court that he never dealt with Petitioner as well as the Bank's president himself in the civil deposetions that was taken by the Bank's attorneys. (see transcript of jury trial of Steven Bennett on September 19,and 20, 1996, page 7 line 18 and 19, also page 45 and 81).

The Government through its expert witness Ms. Harrison from the FBI lab in Washington and Special Agent Cortese testified to Petitioner's signatures and concluded that none of the signatures was signed by Petitioner, rather they were infact Steve Houran's signatures. Over one hundred witnesses testified to the role of the Petitioner to be the field-man who they never dealt with in transacttions or in any decision making process.

The Government mislead the Court and the trial jury by falsely representing to them that Check No. 1108 for $ 100,000.00 was to pay settlement on Petitioner's home morgage and the real fact were hidden from the jury and petitioner's trial lawyer, Check No. 1108 for $ 100,000.00 payable to Raymond E. Murphy, Esquire was for payment to EXTE Bank of New York on "Houran Construction Company" credit-line and <u>not</u> the home of Petitioner. ( see Hitham Abuhouran's Affidavit)

Had the trial Counsel demanded that Steve Houran be summoned to testify in petitioner's trial would create a doubt as to the afficancy

of the verdict sufficient to undermine confidence in the verdict and that verdict would be different.

The threats that were made by the government to Petitioner's brother (see Exhibit "B") that if he had to testify on his brother behalf was not made available to Petitioner's Counsel, also Petitioner was not aware of these facts until recently when he met his brother in FDC, Philadelphia after six years of separation and documents was discovered by Petitioner's brother ( see Exhibit "A").

## STATEMENT OF JURISDICTION

This Court is vested with jurisdiction over the matters contained herein by virtue of 28 USC § 2241. Petitioner is claiming "factual Innocence" and "fundamental miscarriage of justice", the factual evidence of his actual innocence was discovered subsequent to his direct appeal and his first § 2255 petition for no fault of his own. The appropriate "rule" for claiming relief for an actually innocent petitioner is one established by Supreme Court in Schlup v. Delo, 130 L.Ed 2d 808, 829 (1998)(citation omitted) supra and its precedents, therefore, the appropriate "statute" is 28 USC § 2241.

The Petitioner currently incarcerated at the Federal Medical Center in Devens, Massachusetts,this Court has the proper jurisdiction over this matter.

## STANDARD OF REVIEW

Supreme Court " has repeatedly noted, at common law, res judicata

did not attach to a court's denial of habeas relief" Schlup v. Delo, 130 L.Ed 2d 808, 829 (1998)(citation omitted). "Instead a renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question of the presoner's right to a discharge independently, and not to be influenced by the previous decisions refusing discharge." Id.

"[A] prisoner retains an overriding interest in obtaining his release from custody if he is innocent of the charge for which he was incarcerated." Id 832 (citation omitted).

The Supreme Court held that: " a successive habeas claim when required to do so by the ends of justice" Schlup, 831.

**CARRIER STANDARD:**

In Murray v. Carrier, 477, 91 L.Ed 2d 397, 106 Sct 2639 (1986) the Court stated:

> " So long that statements at issue, contain material that would establish the accused's actual innocence violation has probably resulted in the conviction of one who is actually innocent, a Federal Court may grant a writ of habeas corpus even in the absence of showing of cause for the procedural default."

**SAWYER STANDARD:**

In Sawyer v. Whitley, 120 LEd 2d 269-285 (1992) the Court held that :

> " Unless a Federal habeas corpus petitioner shows

> cause and prejudice, a Federal Court generally may not reach the merits of (1) successive claims which raise grounds identical to grounds heard or decided on the merits in a previous petition; (2) new claims, not previously raised which constitute an abuse of the writ; or (3) procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. There is, however, an exception-some-times known as the " actual innocence" exception- that even if the cause-and-prejudice standard has not been met, a federal court may hear the merits of a successive, abuse, or procedurally defaulted claim if the failure to hear the claim would constitute a miscarriage of justice."

Petitioner is qualified for this Court's review of his "factual innocence" claim applying the "Carrier Standard". In the event the Court chooses to review Petitioner's claim using Sawyer standard, Petitioner in his claim has established the "cause" and "prejudice" and also meets the requirement of Sawyer standards.

## SUMMARY OF ARGUMENT

Petitioner is producing the evidence of his factual innocence of the crime of Money Laundering ( count 27 of the indictment) which he was charged with and sentenced by the District Court. To review Petitioner's claim of "factual innocence" Supreme Court provided Carrier Standard for review of defaulted claim, see Ante. Standard of Review Page 5 and 6.

Petitioner was convicted in a jury trial of four counts of bank fraud, one count of money laundering, one count of conspiracy to commit money laundering, Petitioner was sentenced to 109 months of imprisonment and five years of supervise release under count (27) of the indictment.

Cause and prejudice is not dispositive when the fundemantal fairness of a prisoner's conviction is at issue; and that appellate procedural default should not foreclose habeas corpus review of meritorious constitutional claim that may establish a prisoner's innocence. Bousley v. United States, 523, US 140 LEd 2d 828 (1998) quoting, Schlup v. Delo, 513 US 130 LEd 2d 808.

Petitioner contend that he have satisfied both, the Carrier and Sawyer standards in his factual innocence claim, petitioner is substantially prejudiced by serving time for a crime that he did not commit.

The primary purpose of a habeas corpus proceeding is to make certain that the petitioner is not unjustly imprisoned.

## ARGUMENT

### PETITIONER IS ENTITLED FOR HABEAS RELIEF WHEN HE IS ACTUALLY INNOCENT OF THE CRIME OF MONEY LAUNDERING CHARGE ON COUNT 27 OF THE INDICTMENT NO. 95-0560-04

In Murray v. Carrier, 477, 91 LEd 2d 397, 106 S.Ct 2639 (1986)

the Court stated: " So long that statement at issue, contain materials that would establish the accused's actual innocence, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a Federal Court may grant a writ of habeas corpus even in the absence of showing of cause for the procedural default." Also the Supreme Court " has repeatedly noted at common law, rejudicata did not attach to a court's denial of habeas relief" Schlup v. Delo, 130 LEd 2d 808, 829(1998) (citation omitted). Instead a renewed application could be made to every other judge or Court in the realm, and each court or judge "was bound" to consider the question of the prisoner's right to discharge independently, and not to be influenced by the previous decisions refusing discharge" Id. "A prisoner retains an overriding interest in obtaining his release from custody if he is innocent of which he was incarcerated. Id.832 (citations omitted).

In a trio of 1986 decisions handed down the same day..." the court had adopted the "cause and prejudice" standard in part because of its confidence that that standard would provide adequate protection to victims of a fundamental miscarriage of justice" Schulp at 831, 832 (citations omitted).

" [I]n an extraordinary case, where a constitutional violation has "probably" resulted in the conviction of one who is actually innocent, a federal habeas Court may grant the Writ even in the absence of a showing of cause for the procedural default." Schulp.Id at 832 citing Murray v. Carrier, 120 L.Ed 2d 269 (1992). However subsequ-

ently in Sawyer v. Whitley, 120 L.Ed 2d 269 (1992) " the Court departed from Carrier's use of "probably" and adopted a more exacting standard of proof to govern these claims: the court held that a hebeas petitioner must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty." Id 833. " No attempt was made in Sawyer to reconcile this stricter standard with Carrier's use of "probably". Id 833. " In evaluating Schulp's claim of innocence" the Supreme Court "conclud[ed] that Carrier, rather than Sawyer, properly strikes that balance when the claimed injustice is that constitutional error has resulted in the conviction of one who is actually innocent of the crime" Id. 834.

The Carrier standard thus ensures that Petitioner's case is truly extraordinary while still providing petitioner a meaningful evenue by which to avoid a meaningful injustice." Id. 836. "Carrier requires a petitioner to show that he is "actually innocent" ... To satisfy the Carrier gateway standard, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner's guilt beyond a reasonable doubt." Id. 836.

In Bousley v. United States, 523 US 614, 622 (1998) the Supreme Court further clarified that procedural habeas default can be overcome by demonstrating "either cause and actual prejudice or that he is actually innocent". (citation omitted). In Bousley, although Court did not find cause nevertheless remanded the case holding petitioner's "claim may still be reviewed if he can establish that constitutional

error .. has probably resulted in the conviction of one who is actually innocent" Id. 623.

Petitioner in this case assert that he is innocent of the crime of money laundering he was charged with in count (27) of his indictment (No. 95-0560-04). The new evidence and information that became available to petitioner's attention and position lately reinforced this claim and will prove beyond reasonable doubt that petitioner is innocent of the crime of money laundering. The evidence pretaining to the financial information and transactions that dealt with the Bank account with First Fidelity Bank in New Jersey and account with the Bank of the Brandy Wine Vally in West Chester Pennsylvania, which count (27) relied on those transactions especially check No. 1108 drawn on the account of First Fidelity bank of North Jersey for $ 100,000.00 payable to Raymond E. Murphy Esquire.

Check No. 1108 among others was not issued, or signed by petitioner nor he had knowledge of. Petitioner's brother Hitham Abuhouran a/k/a Steve Houran, who is the Government alleged leader in the indictment did infact establish these accounts and forged Petitioner's signature on all bank documents, checks, and loans without petitioner's knowledge or concent. ( see Steve Houran's Affidavit dated June 7, 2005) Hitham Abuhouran stated in his Affidavit, Paragraph 7:

> " That the transaction regarding check No. 1108 drawn on the First Fidelity Bank of New Jersey, written to Raymond E. Murphy Jr.Esq. Trust account for $ 100,000.00 and that check was forged by me without my brother signature, knowledge or concent."

The Government in this case and through its opining statement, witnesses, experts and it's closing argument concluded and consented that Petitioner never signed or issued checks, including check No. 1108 drawn on the account of First Fidelity bank of North Jersey for $ 100,000.00 payable to Raymond E. Murphy Esquire.

Ms. Harrison, from the FBI lab in Washington and Special Agent Cortese testified to Petitioner's signature and also concluded that non of the signatures were actually signed by Petitioner. Paragraph (12) of Steve Houran's Affidavit stated:

> " That had I been called to testify, I will testify that I am the person who opened all these accounts and submitted all false financial information to the (BBV) in order to obtain these loans and corporate loans, without my brother's consent or knowledge."

Since the Government through its witnesses proved that Petitioner never signed check No. 1108 and Steve Houran admitted in his June 7, 2005 Affidavit that he is the person who opened the account in First Fidelity Bank of North Jersy, and he is the person who forged Petitioner's signature on check N. 1108 for $ 100,000.00. Petitioner is innocent of Count (27) and its unconstitutional for Petitioner to be imprisoned for a crime that he never commit.

The Government through its witnesses and experts proved that Petitioner never signed any checks including check No.1108, also Steve Houran admitted in his Affidavit given on June 7, 2005 that he is the one who forged Petitioner's signature and opened the account

in First Fidelity Bank of N.J. which the $ 100,000.00 check was drawn on. Petitioner is innocent of the crime alleged in count 27 of the indictment and its unconstitutional for him to be imprisoned for a crime that he never commit.

In the newly discovered evidence, Petitioner's brother discovered a letter that was sent by Steve Houran's Attorney to the Assistant United States Attorney confirming their telephone conversation in which the AUSA called to threaten if Steve Houran to be called to testify he (the AUSA) will retaliate against Petitioner's brother (see Exhibit "B").

Had trial Counsel for Petitioner made the proper challanges to these issues during the trial, would create doubt as to the afficancy of the verdict and that the verdict would be different. The threats that were made by the Government to petitioner's brother if he would testify on his brother behalf were not made aware to petitioner or his Counsel, and would have demanded the testimoney of petioner's brother.

Petitioner was not aware of these facts untill recently when he met his brother after six years of separation ordered by the Assistant United States Attorney to disturb their appeal process, ( see Hitham Abuhouran et al v. R.L. Morrison et al, No. 03-3091).

To satisfy <u>Carrier's</u> "actual innocence" standard, a petitioner must show that in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. The focus on actual innocence means that a District

Court is not bound by the admissibility rules that would govern at trial, but may consider the probative force of relevant evidence that was either wrongly excluded or unavailable at trial. The District Court must make a probabilistic determination about what reasonable properly instructed jurors would do, and it is presumed that a reasonable juror would consider fairly all of the evidence presented and would conscientiously obey the trial court's instructions requiring proof beyond a reasonable doubt. The Carrier standard although requiring a substantial showing, is by no means equivalent to the standard governing review of insufficient evidence claims. Jackson v. Virginia, 443 US 307, 61 L.Ed 2d 560, 99 S.Ct 2781. distinguished. In applying the Carrier standard to Petitioner's request for an evidentiary hearing, the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial. The court is not required to test the new evidence by a standard appropriate for deciding a motion for summary judgment, but may consider how the submission's timing and the affiants likely credibility bear on the probable reliability of that evidence.

Therefore, Petitioner assert that he has demonstrated his factual innocence claim and he satisfied the standards set in **Schulp, Sawyer, Carrier** and **Bousley**. Petitioner is entitel for an evidantary hearing and / or his sentence be vacated and remanded to the sentensing Court for resentence or set free.

**On this 25th day of July 2005**

Respectfully submitted by
Aktham Abuhouran, Prose

# A F F I D A V I T O F
## HITHAM ABUHOURAN

I, Hitham Abuhouran, a/k/a, Steve Houran, hereby Sware under Oath and penalty of perjury that the foregoing statement is true and correct to the best of my knowledge.

1. that on or about May of 1990, I have established the Banking relationship with the Bank of The Brandy Wine Vally, in West Chester, PA (hereanafter BVB), and opened Personal and Corporate Accounts, One account in my personal name and the others One in the Name of Houran Construction Companey Inc, and one in the name of Houran Trading Companey, which was registered in my brother's name Aktham Abuhouran.

2. that I forged my brother's signature on the bank's applications and nessassery documents, without his knowledge or consent.

3. that I opened a Corporate Checking Account in the Houran Trading Companey name and forged my brother's signatur on all documents and issued Checks.

4. that I did Submit a financial Statements that wer falsefied without my brother's knowledge or Consent .

5. that the Loans were taken in my brother name w made with the assistance of the bank president Seth Gar all this without my brother's knowledge or consent.



w
li
Com
proce
loans
10.
check wa
payment
11.
trial coma
States Atto
and susspend
the A.U.S.A.
in not being

LAW OFFICES
GLENN A. ZEITZ
MEMBER PENNSYLVANIA AND NEW JERSEY BAR
CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY
CERTIFIED AS A CRIMINAL TRIAL ADVOCATE BY THE NATIONAL BOARD OF TRIAL ADVOCACY

PENNSYLVANIA OFFICE
SUITE 2628
1700 MARKET STREET
PHILADELPHIA, PA. 19103
(215) 569-0700

NEW JERSEY OFFICE
1230 BRACE ROAD
P.O. BOX 8445
CHERRY HILL, N. J. 08002-8445
(609) 795-6660

September 20, 1996

Robert A. Zauzmer, AUSA
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

**RE: United States v. Hitham Abuhouran, et al**
**Criminal No.: 95-00560**

Dear Mr. Zauzmer:

This will confirm our telephone conversation at approximately 5:30 P.M. yesterday during which you called and threatened to suspend all further 5K and §3553(e) cooperation until such time as the pending trial of my client's brothers has concluded.

You told me that you wanted to win the case and that the possibility that the defendants may attempt to call my client as a defense witness has caused you to feel that you that you no longer have control of the case. I "strenuously" told you that any attempts to suspend 5K and §3553(e) cooperation would constitute a breach of the plea agreement and would constitute a due process violation.

I also told you that the plea agreement was premised on my client having a full and fair opportunity to cooperate. I also told you that your conduct may place me in a position where it could be argued that my representation was ineffective inasmuch as I based my advice to my client to plead guilty expressly on his being able to have a continuing, full, and complete opportunity to cooperate.

At no time did you ever tell me until yesterday that the possibility of my client testifying as a defense witness would be treated by the Government in such an unfair way. However, you did tell me after my client's plea before Judge Pollak that if he testified untruthfully you would consider that to the extent that it effected a motion by the Government under 5K and §3553(e).

This will also confirm that I requested to meet with your superiors in order to bring this matter to their attention.

I also told you that I intend to advise my client not to testify in the trial and to assert his 5th Amendment privilege if called as a defense witness. If you persist in this "new position" I will be forced to bring it to the attention of Judge Pollak.

Very truly yours,

GLENN A. ZEITZ

GAZ:ld
Enclosure
cc: Mr. Steve Houran