UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| AKTHAM ABUHOURAN | ) | C.A. NO. 05-40127-GAO |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| DAVID L. WINN, WARDEN | ) |  |
| FMC DEVENS. | ) |  |

---

## UNITED STATES' MOTION TO DISMISS §2241 PETITION FOR WANT OF JURISDICTION

The government asks the Court to dismiss petitioner Aktham Abuhouran's §2241 petition because it is really a successive §2255 claim that should have been brought in the Third Circuit, and he has not established entitlement to bring a §2241 "savings clause" petition.  While the government is filing this motion electronically, it will file the voluminous attachments in hard copy only.

A.    Procedural History

On October 29, 1996, a jury in the Eastern District of Pennsylviania found Abuhouran guilty of four counts of bank fraud under 18 U.S.C. §1344, one count of money laundering under 18 U.S.C. §1956, and one count of conspiracy under 18 U.S.C. §371 [Attachment A (docket entry 187)].  On August 22, 1997, he was sentenced to 109 months of incarceration [Attachment A  (docket entry 342)].

Abuhouran filed an unsuccessful direct appeal from his conviction with the United States Court of Appeals for the Third Circuit.  United States v. Abuhouran, 162 F.3d 230 (3rd Cir. 1998).  On January 10, 2000, Abuhouran filed a §2255 motion in the District Court for

the Eastern District of Pennsylvania, challenging his conviction and sentencing on the money laundering count as improper because it was indistinct from the predicate offense of bank fraud [Attachment A (docket entry 424)]. That court denied Abuhouran's petition on July 12, 2001, finding Abuhouran's §2255 challenge to his conviction unavailing because the Court of Appeals had already rejected this claim in the direct appeal. United States v. Abuhouran, 2001 WL 849716 (E.D.Pa. July 12, 2001).

Abuhouran then filed a series of applications for successive §2255 motions, all of which were denied; a series of requests for a certificate of appealability, all of which were denied; a motion to recall the mandate, which was construed as a motion to reopen the case and denied; and a §3582 motion to modify or correct the imposed term of imprisonment, which was also denied [Attachment A (docket entries 455, 480, 481, 486, 496, 497]. On July 26, 2005, while incarcerated at FMC Fort Devens, in Massachusetts, Abuhouran filed the above-captioned §2241 petition with the Court. In a September 30, 2005 Memorandum and Order, the Court asked the government to respond to the petition.

B.      The District Court Should Dismiss Abuhouran's Petition

The essence of Abuhouran's claim is that he is "actually innocent" of the charges in the money laundering count and that new evidence has become available to prove his innocence. He presents, as new evidence, the allegations that his brother, Hitham Abuhouran, forged his signature on the $100,000 check that was the subject of the money laundering conviction, and that the government threatened this same brother with retaliation if he testified in Aktham Abuhouran's defense.

2

1.    The legal standards

Ordinarily, a federal prisoner may collaterally attack his conviction, if at all, only through a motion to correct or vacate his sentence under 28 U.S.C. §2255, and not through a petition for a writ of habeas corpus under 28 U.S.C. §2241.  Section 2241 is normally the vehicle to attack the execution, and not the validity, of a conviction or sentence.  United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999).

Section 2255 poses obstacles for Abuhouran's claim, however.  He has already filed a §2255 petition, and another §2255 petition in the Eastern District of Pennsylvania would constitute a successive petition requiring approval by the Third Circuit Court of Appeals.[1]  Indeed, Abuhouran has already unsuccessfully attempted to file successive §2255 petitions.

Nor does §2241 "save" Abuhouran's claim.  Under §2255's "savings clause,"  a prisoner may seek habeas relief if §2255 is "inadequate or ineffective to test the legality of his detention."[2]   Section 2255 is not "inadequate or ineffective" simply because a prisoner

---

[1]Section 2255 provides that "[a] second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals."

[2]The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

has been denied permission or is likely to be denied permission to file a second or successive motion under §2255. See Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) (collecting cases). As numerous courts have noted, such a result would "nullify" the limitations that Congress has placed on collateral review. See, e.g., Barrett, 178 F.3d at 50; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

While this Court has not defined the exact parameters of the "savings clause," it has made clear that the "savings clause" cannot be used to circumvent limitations imposed by Congress, and that its reach should be no broader than that identified by those circuit courts which have applied the clause to grant relief to post-Bailey defendants.[3] Barrett, 178 F.3d at 50. Barrett noted that these courts have limited the use of the "savings clause" to situations where a defendant is actually innocent of the charges because the crime no longer exists and cannot bring his claim under §2255.[4] Id. At 51 (citing Davenport, 147 F.3d at

---

[3]In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court clarified the meaning of the term "use" in 18 U.S.C. §924(c), rendering it inapplicable to "fortress" cases. Courts have held that Bailey claims do not involve a "new rule of constitutional law" or "newly-discovered evidence," and therefore do not satisfy §2255's gate-keeping requirements for successive petitions. See, e.g., In re Davenport, 147 F.3d 611; Triestman v. United States, 124 F.3d 361, 371-372 (2nd Cir. 1997); and In re Dorsainvil, 119 F.3d 245, 247-248 (3rd Cir. 1997). These courts have also held that in some circumstances, post-Bailey defendants may press their Bailey claims in a §2241 petition. In United States v. Prevatte, 300 F.3d 792 (7th Cir. 2002), the Seventh Circuit held that a claim based on Jones v. United States, 529 U.S. 848 (2000), might be similar to a Bailey claim and cognizable under §2241.

[4]In Davenport, the Seventh Circuit held that §2255 may be inadequate or ineffective "when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." 147 F.3d at 611. And in Dorsainvil, the Third Circuit stated that "[i]f . . . it is a 'complete miscarriage of justice' to punish a defendant for an act that the law does

611).

Since <u>Barrett</u> (and the cases cited there), other courts have found the "savings clause's" application to be similarly narrow. <u>See</u> <u>Jiminian v. Nash</u>, 245 F.3d 144 (2nd Cir. 2001) ("§2255 is not inadequate or ineffective, such that a federal prisoner may file a §2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior §2255 motion"); <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001)  (without defining the exact scope of the "savings clause," the Fifth Circuit ruled that it "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion"); <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (§2255 "is not inadequate or ineffective merely because §2255 relief has already been denied . . ., or because petitioner has been denied permission to file a second or successive §2255 motion . . . , or because a second or successive §2255 motion has been dismissed . . . , or because petitioner has allowed the one year statute of limitations and/or grace period to expire"); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir.

---

not make criminal, thereby warranting resort to the collateral remedy afforded by §2255, it must follow that it is the same 'complete miscarriage of justice' when the AEDPA amendment to §2255 makes that collateral remedy unavailable.  In that unusual circumstance, the remedy afforded by §2255 is "inadequate or ineffective").  119 F.3d at 251.  <u>See also</u> <u>Barrett</u>, 178 F.3d at 51.

1999) (without defining the exact reach of the "savings clause," the Eleventh Circuit held that it "applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion," and in any event does not apply "to free a prisoner of the effects of his failure to rise an available claim earlier").

Abuhouran's §2241 petition does not warrant review under the "savings clause" merely because he cannot obtain review under the successive petition rules. Nor does his assertion that he is actually innocent of the crimes of conviction change this analysis. He supports his assertion of newly discovered evidence with two exhibits, which he has attached to his motion, but he provides no explanation for why he could not have raised his "actual innocence" claim on direct appeal or in his initial §2255 petition.

Abuhouran's Exhibit A is the affidavit of his brother and co-defendant, Hitham Abuhouran, stating that he repeatedly forged Aktham Abuhouran's signatures on applications and documents, including the $100,000 check relating to the money laundering count. This certainly does not constitute newly-discovered evidence, as Aktham Abuhouran would have known all along if his signature had been forged on this check and could, therefore, have made this argument at trial, on appeal, and in his initial §2255 petition. Furthermore, Abuhouran's claim that the government conceded that he never signed or issued checks shows that the issue of his signatures and the forgery was a live issue at trial

6

and is, therefore, not newly discovered.

Abuhouran's Exhibit B appears to be a September 20, 1996 letter, from Hitham Abuhouran's attorney to the prosecutor, alleging that the prosecutor threatened to "suspend" any further cooperation by Hitham until after Aktham Abuhouran's trial. This letter does not support Abuhouran's actual innocence claim, nor does it constitute newly-discovered evidence. Abuhouran has had ample opportunity, since 1996, to speak to, and correspond with, his brother and learn of this alleged threat and his brother's allegedly exculpatory testimony.[5] But Abuhouran has failed to present evidence showing that he was unable to secure his brother's testimony at trial because of the alleged threat.

While Abuhouran claims that the exhibits to his petition demonstrate that he is "actually innocent," he has failed to show that any of this allegedly-exculpatory material is newly-discovered. Furthermore, even if this material constituted newly-discovered evidence, the appropriate vehicle for Abuhouran's claim is an application, with the Third Circuit, to file a successive §2255 petition. He has therefore failed to establish that his claim comes within the "savings clause" of §2255.[6]

C.     Conclusion

_____

[5] Abuhouran and his brother were initially incarcerated in the same facility from August, 1997 until March 19, 1998. Abuhouran v. Morison, et al., C.A. No. 03-3091, Memorandum and Order (Sept. 1, 2005) at 4 [Attachment B]. For most of the time since then, despite being incarcerated at separate facilities, the brothers were permitted to correspond with each other. Id.

[6]The petitioner carries the burden of demonstrating that §2255 is inadequate or ineffective. Reyes-Requena, 243 F.3d at 901; Lurie, 207 F.3d at 1078.

In short, Abuhouran's §2241 petition is really a successive §2255 claim that should have been brought in the Third Circuit, and he has not established entitlement to bring a §2241 "savings clause" petition. Accordingly the government respectfully requests that the Court dismiss his §2241 petition for want of jurisdiction.[7]

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     /s/ Adam J. Bookbinder
        Adam J. Bookbinder
        Assistant U.S. Attorney

Date:  December 16, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Aktham Abuhouran
> Reg. No. 18938-050
> F.M.C. Devens
> P.O. Box 879
> Ayer, MA 01432

Date:  December 16, 2005

    /s/ Adam Bookbinder
    Adam J. Bookbinder

---

[7]If the Court finds it cannot dismiss the petition, the government asks for the opportunity to further brief the petition's merits.

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AKTHAM ABUHOURAN

v.

DAVID L. WINN, WARDEN
FMC DEVENS.

)
)
)
)
)
)
)
)

C.A. NO. 05-40127-GAO

## ATTACHMENTS TO
## UNITED STATES' MOTION TO DISMISS
## §2241 PETITION FOR WANT OF JURISDICTION

Because these attachments are voluminous, they are being filed in hard copy only.

The motion is being filed electronically.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Adam J. Bookbinder
Assistant U.S. Attorney

Date: December 16, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Aktham Abuhouran
> Reg. No. 18938-050
> F.M.C. Devens
> P.O. Box 879
> Ayer, MA 01432

Date: December 16, 2005

Adam J. Bookbinder
Assistant U.S. Attorney

CLOSED, SEALDC

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CRIMINAL DOCKET FOR CASE #: 2:95-cr-00560-LP-4

Case title: USA v. ABUHOURAN, et al

Date Filed: 10/03/1995

Assigned to: JUDGE LOUIS H. POLLAK

## Defendant

**AKTHAM ABUHOURAN** (4)
*TERMINATED: 09/03/1997*
*also known as*
TONY HOURAN

represented by **AKTHAM ABUHOURAN**
#18938-050
FCI- RAYBROOK
GENESE A
PO BOX 9008
RAYBROOK, NY 12977
PRO SE

**JERRY S. GOLDMAN**
JERRY S. GOLDMAN &
ASSOCIATES, P.C.
TWO PENN CENTER PLAZA
1500 JOHN F. KENNEDY BLVD
SUITE 1411
PHILADELPHIA, PA 19102
215-569-4500
Email:
jgoldman@goldmanlawyers.com
*TERMINATED: 10/31/2004*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

**JOSEPH P. GRIMES**
GRIMES & GRIMES, LLC
1500 JOHN F. KENNEDY
BOULEVARD
SUITE 1230
PHILADELPHIA, PA 19102
215-545-0011
*TERMINATED: 09/03/1997*
*LEAD ATTORNEY*
*Designation: Retained*

## Pending Counts

## Disposition

| | |
|---|---|
| 18:1344 BANK FRAUD; and 18:2 AIDING AND ABETTING (5) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:1344 BANK FRAUD; AND 18:2 AIDING AND ABETTING (20) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:1344 BANK FRAUD; AND 18:2 AIDING AND ABETTING (26) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:1956 MONEY LAUNDERING: AND 18:2 AIDING AND ABETTING (27) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:1344 BANK FRAUD; AND 18:2 AIDING AND ABETTING (47) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:371 CONSPIRACY (48) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:1623 PERJURY (51) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:371 CONSPIRACY; and 18:982, (COUNT 57), FORFEITURE (54) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |

## Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1344 BANK FRAUD; and 18:2 AIDING AND ABETTING (16) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |
| 18:2314 INTERSTATE TRANSPORTATION OF PROPERTY OBTAINED BY FRAUD; AND 18:2 AIDING AND ABETTING (17) | IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. |

## Highest Offense Level (Terminated)

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**SAYER SAWAGED**                   represented by **PAUL J. KILLION**
214 PINE STREET
HARRISBURG, PA 17101
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Interested Party**

**BADIA SAWAGED**                   represented by **PAUL J. KILLION**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                             represented by **ROBERT A. ZAUZMER**

UNITED STATES ATTORNEY'S
OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8568
Fax: 215-861-8498
Email: bob.zauzmer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT A. ZAUZMER**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/1995 | 1 | Sealed Indictment as to HITHAM ABUHOURAN (1) count(s) 1, 3, 5, 7, 8, 10, 12, 14, 16, 17, 18, 20, 22, 24, 26, 27, 29, 30, 31, 33, 47, 48, 49, 50, 54, 56, SETH T. GARDNER (2) count(s) 2, 4, 6, 9, 11, 13, 15, 19, 21, 23, 25, 28, 32, 34-35, 36-46, 55, ADHAM ABUHOURAN (3) count(s) 7, 8, 18, 20, 26, 27, 33, 47, 48, 53, 54, AKTHAM ABUHOURAN (4) count (s) 5, 16, 17, 20, 26, 27, 47, 48, 51, 54, ADMA ABUHOURAN (5) count (s) 26, 29, 30, 31, 48, KASSEM ALAOUIE (6) count(s) 48, 52, KARAM SALIB (7) count(s) 1, 7, 22, 26, 29, (sb) Modified on 11/06/1995 (Entered: 10/13/1995) |
| 10/03/1995 | 2 | MOTION and ORDER Sealing Indictment as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB ( Signed by MAGISTRATE JUDGE RICHARD A. POWERS III ) (sb) (Entered: 10/13/1995) |
| 10/03/1995 | 5 | MOTION and ORDER for Issuance of Bench Warrant as to AKTHAM ABUHOURAN ( Signed by MAGISTRATE JUDGE RICHARD A. POWERS III ) (sb) (Entered: 10/13/1995) |
| 10/03/1995 | | Bench Warrant issued as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN . (sb) (Entered: 10/13/1995) |
| 10/12/1995 | 7 | Letter from AUSA Unsealing Indictment as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB (sb) (Entered: 10/13/1995) |
| 10/12/1995 | | Indictment unsealed as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB (sb) (Entered: 10/13/1995) |
| 10/12/1995 | 8 | Notice of Lis Pendens as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, |

| | | ADMA ABUHOURAN, KASSEM ALAOUIE and KARAM SALIB, Re: Forfeiture of Premises located at 338 Orangeburgh Road. (lb) (Entered: 10/13/1995) |
|---|---|---|
| 10/12/1995 | 9 | Notice of Lis Pendens as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE and KARAM SALIB, Re: Forfeiture of Premises located at 31 Wildwood Road. (lb) (Entered: 10/13/1995) |
| 10/16/1995 | 16 | Minute entry dated 10/13/95 as to AKTHAM ABUHOURAN: Re: No bail set. Government's motion for continuance granted. Pretrial detention hearing and arraignment scheduled for 10/17/95 at 2:00 p.m., before Mag. Judge Scuderi. (EEN) (lb) (Entered: 10/17/1995) |
| 10/16/1995 | 17 | ORDER OF TEMPORARY DETENTION DATED 10/13/95 THAT A DETENTION HEARING IS SET FOR 10/17/95 AT 2:00 P.M., BEFORE MAG. JUDGE SCUDERI AS TO AKTHAM ABUHOURAN. (SIGNED BY MAGISTRATE JUDGE EDWIN E. NAYTHONS), 10/17/95 ENTERED AND COPIES MAILED. (lb) (Entered: 10/17/1995) |
| 10/17/1995 | 24 | MOTION BY USA AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN AND ADMA ABUHOURAN FOR PRETRIAL DETENTION , CERT. OF SERVICE. (lb) (Entered: 10/18/1995) |
| 10/17/1995 | | 5% Cash Bond entered by AKTHAM ABUHOURAN in the Amount of $ 100,000. (lb) (Entered: 10/18/1995) |
| 10/17/1995 | | Arraignment as to AKTHAM ABUHOURAN HELD, count(s) 5, 16, 17, 20, 26, 27, 47, 48, 51, 54. (lb) (Entered: 10/18/1995) |
| 10/17/1995 | 28 | Plea entered 10/17/95 by AKTHAM ABUHOURAN. Court accepts plea. NOT GUILTY: count(s) 5, 16, 17, 20, 26, 27, 47, 48, 51, 54 (Terminated motions - DENYING [24-1] MOTION FOR PRETRIAL DETENTION as to AKTHAM ABUHOURAN). Bail set $ 100,000 - 5%. Defendant must report to Pretrial Services once a week in person and twice a week by phone with conditions. (PBS) (lb) (Entered: 10/18/1995) |
| 10/17/1995 | 29 | Notice of Appearance for AKTHAM ABUHOURAN by Attorney, JOSEPH P. GRIMES. (lb) (Entered: 10/18/1995) |
| 10/19/1995 | 35 | Arrest Warrant Returned Executed as to AKTHAM ABUHOURAN on 10/16/95. (lb) (Entered: 10/19/1995) |
| 10/20/1995 | 37 | APPLICATION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, FOR ORDER TO DISCLOSE RETURNS AND RETURN INFORMATION , CERT. OF SERVICE. (lb) (Entered: 10/20/1995) |
| 10/20/1995 | 38 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, |

|  |  | ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, TO OBTAIN INFORMATION REGARDING A CABLE SUBSCRIBER , CERT. OF SERVICE. (lb) (Entered: 10/20/1995) |
|------------|----|---|
| 10/20/1995 | 39 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, TO PROVIDE HANDWRITING EXEMPLARS , CERT. OF SERVICE. (lb) (Entered: 10/20/1995) |
| 10/20/1995 | 40 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, TO HAVE CAPTIONED CASE DECLARED COMPLEX , CERT. OF SERVICE. (lb) (Entered: 10/20/1995) |
| 10/24/1995 | 43 | ORDER DATED 10/23/95 FOR SPEEDY TRIAL ACT DELAY: THAT EXCLUDABLE TIME IN THIS CASE BE COMPUTED AND ENTERED IN THE RECORD FROM THE DATE OF FILING OF GOVERNMENT'S MOTION AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, RE: [37-1] MOTION FOR ORDER TO DISCLOSE RETURNS AND RETURN INFORMATION UNTIL SUCH TIME THAT A HEARING ON SAID MOTION IS CONCLUDED OR OTHER PROMPT DISPOSITION IS MADE. (SIGNED BY JUDGE LOUIS H. POLLAK), 10/25/95 ENTERED AND COPIES MAILED. (lb) (Entered: 10/25/1995) |
| 10/24/1995 | 44 | ORDER DATED 10/23/95 FOR SPEEDY TRIAL ACT DELAY: THAT EXCLUDABLE TIME IN THIS CASE BE COMPUTED AND ENTERED IN THE RECORD FROM THE DATE OF FILING OF THE GOVERNMENT'S MOTION AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, RE: [38-1] MOTION TO OBTAIN INFORMATION REGARDING A CABLE SUBSCRIBER UNTIL SUCH TIME THAT A HEARING ON SAID MOTION IS CONCLUDED OR OTHER PROMPT DISPOSITION IS MADE. (SIGNED BY JUDGE LOUIS H. POLLAK), 10/25/95 ENTERED AND COPIES MAILED. (lb) (Entered: 10/25/1995) |
| 10/24/1995 | 45 | ORDER DATED 10/23/95 FOR SPEEDY TRIAL ACT DELAY: THAT EXCLUDABLE TIME BE COMPUTED AND ENTERED IN THE RECORD FROM THE DATE OF FILING OF THE GOVERNMENT'S MOTION AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, RE: [39-1] MOTION TO PROVIDE HANDWRITING EXEMPLARS UNTIL SUCH TIME THAT A HEARING ON SAID MOTION IS CONCLUDED OR OTHER PROMPT DISPOSITION IS MADE. (SIGNED BY JUDGE LOUIS H. POLLAK), 10/25/95 ENTERED AND |

| | | COPIES MAILED. (lb) (Entered: 10/25/1995) |
|---|---|---|
| 10/24/1995 | 46 | ORDER DATED 10/23/95 FOR SPEEDY TRIAL ACT DELAY: THAT EXCLUDABLE TIME IN THIS CASE BE COMPUTED AND ENTERED IN THE RECORD FROM THE DATE OF FILING OF GOVERNMENT'S MOTION AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB, RE: [40-1] MOTION TO HAVE CAPTIONED CASE DECLARED COMPLEX UNTIL SUCH TIME THAT A HEARING ON SAID MOTION IS CONCLUDED OR OTHER PROMPT DISPOSITION IS MADE. (SIGNED BY JUDGE LOUIS H. POLLAK), 10/25/95 ENTERED AND COPIES MAILED. (lb) (Entered: 10/25/1995) |
| 10/30/1995 | 51 | Notice of Appearance for AKTHAM ABUHOURAN by Attorney, Joseph P. Grimes. (lb) (Entered: 10/30/1995) |
| 11/01/1995 | 52 | Amended Application for order to disclose returns and return information by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN and KASSEM KARAM SALIB, Cert. of Service. (lb) (Entered: 11/01/1995) |
| 11/06/1995 | 57 | Stipulation of Counsel as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN re: scheduling deadlines. (rs) (Entered: 11/06/1995) |
| 11/08/1995 | 60 | STIPULATION AND ORDER DATED 11/8/95 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN AND ADMA ABUHOURAN THAT THE STIPULATION IS APPROVED AND AN ORDER IS ENTERED PURSUANT TO THE TERMS CONTAINED THEREIN. (SIGNED BY JUDGE LOUIS H. POLLAK), 11/9/95 ENTERED AND COPIES MAILED. (lb) (Entered: 11/09/1995) |
| 11/20/1995 | 61 | Rule 40 Documents as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN received from District of New Jersey. (rs) (Entered: 11/20/1995) |
| 11/28/1995 | 62 | ORDER AMENDING CONDITIONS OF RELEASE DATED 11/27/95 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN AND ADMA ABUHOURAN THAT THE CONDITIONS OF RELEASE FOR EACH DEFENDANT SHALL BE AMENDED TO PERMIT TRAVEL INTO THE EASTERN AND SOUTHERN DISTRICTS OF NEW YORK AS WELL AS THE DISTRICT OF NEW JERSEY AND THE EASTERN DISTRICT OF PENNSYLVANIA. THE DEFENDANT'S NEED NOT BE REQUIRED TO AGAIN THE PERMISSION OF PRE-TRIAL SERVICES IN ADVANCE OF EACH TRIP. (SIGNED BY MAGISTRATE JUDGE PETER B. SCUDERI), 11/28/95 ENTERED AND COPIES MAILED. (lb) (Entered: 11/28/1995) |
| 01/03/1996 | 68 | Amended Stipulation as to HITHAM ABUHOURAN, ADHAM |

| | | |
|---|---|---|
| | | ABUHOURAN, AKTHAM ABUHOURAN and ADMA ABUHOURAN. (lb) (Entered: 01/03/1996) |
| 01/04/1996 | 69 | ORDER DATED 1/4/96 AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT A PRETRIAL CONFERENCE WILL BE HELD ON 1/16/96 AT 11:00 A.M. (SIGNED BY JUDGE LOUIS H. POLLAK), 1/5/96 ENTERED. (lb) (Entered: 01/05/1996) |
| 01/22/1996 | 70 | ORDER DATED 1/22/96 AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT A PRETRIAL CONFERENCE WILL BE HELD ON 2/8/96 AT 9:00 A.M. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 1/22/96 ENTERED. (lb) (Entered: 01/22/1996) |
| 02/01/1996 | 75 | OMNIBUS MOTIONS BY AKTHAM ABUHOURAN, ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14, SEVERING THE TRIAL OF AKTHAM ABUHOURAN FROM HIS CO-DEFENDANTS , ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16, COMPELLING THE GOVERNMENT TO DISCLOSE ANY AND ALL EXCULPATORY AND/OR FAVORABLE INFORMATION WITHIN THEIR EXCLUSIVE CONTROL , FOR DISCLOSURE OF "JENCKS" MATERIAL UNDER TITLE XVIII, U.S.C. 3500 , FOR BILL OF PARTICULARS AND PERMITTING DEFENDANT TO JOIN IN ANY APPROPRIATE MOTIONS FILED ON BEHALF OF CO-DEFENDANTS , MEMORANDUM, CERT. OF SERVICE. (lb) (Entered: 02/02/1996) |
| 02/06/1996 | 78 | ORDER DATED 2/1/96 FOR SPEEDY TRIAL ACT DELAY: THAT EXCLUDABLE TIME IN THIS CASE BE COMPUTED AND ENTERED IN THE RECORD FROM THE DATE OF FILING OF DEFENDANT AKTHAM ABUHOURAN, RE: OMNIBUS MOTIONS, UNTIL SUCH TIME THAT A HEARING ON SAID MOTION IS CONCLUDED OR OTHER PROMPT DISPOSITION IS MADE. (SIGNED BY JUDGE LOUIS H. POLLAK), 2/7/96 ENTERED AND COPIES MAILED. (lb) (Entered: 02/07/1996) |
| 02/12/1996 | 80 | Minute entry dated 2/8/96 as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN and KASSEM ALAOUIE: Re: Pretrial conference. Criminal jury trial specially listed for 9/9/96 at 9:30 a.m. (lb) (Entered: 02/13/1996) |
| 02/12/1996 | 81 | ORDER DATED 2/8/96 FOR SPECIAL LISTING OF TRIAL AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE SETTING JURY TRIAL FOR 9:30 ON 9/9/96. (SIGNED BY JUDGE LOUIS H. POLLAK), 2/13/96 ENTERED. (lb) (Entered: 02/13/1996) |
| | | |

| 02/16/1996 | 84 | Response by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, AKTHAM ABUHOURAN and ADMA ABUHOURAN, Re: Defendant's Pretrial motion, Memorandum, Cert. of Service. (lb) (Entered: 02/20/1996) |
|---|---|---|
| 02/22/1996 | 86 | ORDER DATED 2/22/96 OF CONTINUANCE AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT THIS CASE CANNOT PROCEED TO TRIAL AND DISPOSITION AND MUST BE CONTINUED BECAUSE AS A WHOLE IS SO UNUSUAL AND SO COMPLEX, DUE TO THE NUMBER OF DEFENDANTS OR THE NATURE OF THE PROSECUTION AND OTHER COMPLEXITY, THAT IT IS UNREASONABLE TO EXPECT ADEQUATE PREPARATION WITHIN THE PERIODS OF TIME ESTABLISHED IN ACCORDANCE WITH 18 U.S.C. 3161(h)(8). ( SIGNED BY JUDGE LOUIS H. POLLAK ), 2/23/96 ENTERED. (lb) (Entered: 02/23/1996) |
| 02/22/1996 | 87 | ORDER DATED 2/22/96 AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB GRANTING AS UNOPPOSED [39-1] MOTION TO PROVIDE HANDWRITING EXEMPLARS, GRANTING AS UNOPPOSED [38-1] MOTION TO OBTAIN INFORMATION REGARDING A CABLE SUBSCRIBER AND GRANTING AS UNOPPOSED [37-1] MOTION FOR ORDER TO DISCLOSE RETURNS AND RETURN INFORMATION. (SIGNED BY JUDGE LOUIS H. POLLAK), 2/23/96 ENTERED. (lb) (Entered: 02/23/1996) |
| 03/05/1996 | 90 | ORDER DATED 3/5/96 AS TO HITHAM ABUHOURAN, ET AL, GRANTING MOTION FOR AMENDED APPLICATION FOR ORDER TO DISCLOSE RETURNS AND RETURN INFORMATION. (SIGNED BY JUDGE LOUIS H. POLLAK), 3/6/96 ENTERED. (lb) (Entered: 03/06/1996) |
| 03/05/1996 | 91 | ORDER DATED 3/5/96 AS TO HITHAM ABUHOURAN, ET AL, GRANTING GOVERNMENT'S MOTION TO OBTAIN INFORMATION REGARDING A CABLE SUBSCRIBER. (SIGNED BY JUDGE LOUIS H. POLLAK), 3/6/96 ENTERED. (lb) Modified on 03/06/1996 (Entered: 03/06/1996) |
| 04/17/1996 | 93 | ORDER DATED 4/17/96 GRANTING DEFENDANT'S ADAM HOURAN (ADHAM ABUHOURAN AND TONY HOURAN (AKTHAM ABUHOURAN) PERMISSION TO ATTEND THE FUNERAL OF THEIR UNCLE IN ARIZONA SCHEDULED 4/19/96 WITH CONDITIONS. (SIGNED BY JUDGE LOUIS H. POLLAK), 4/18/96 ENTERED AND COPIES FAXED AND MAILED BY COURTROOM DEPUTY. (lb) (Entered: 04/18/1996) |
| 05/23/1996 | 95 | CONSENT ORDER DATED 5/20/96 FOR THE PERMISSION OF DEFENDANT AKTHAM ABUHOURAN TO TRAVEL MAY 20, 1996 TO MAY 26, 1996 TO NEWARK, NJ. ROUNDTRIP TO |

| | | CHICAGO/ALSIP, ILLINOIS TO ATTEND RECEPTION FOR AMBASSADOR TO JORDAN. IT IS ORDERED THAT SERVICE OF THIS ORDER MAY BE MADE BY FAXING A COPY TO THE PRETRIAL SERVICES OFFICE OF PHILA., AND OR NEWARK NJ. (SIGNED BY JUDGE LOUIS H. POLLAK ), 5/24/96 ENTERED AND COPIES MAILED AND FAXED BY COURTROOM DEPUTY. (lb) (Entered: 05/24/1996) |
|---|---|---|
| 05/30/1996 | 96 | EX PARTE MOTION BY USA AS TO HITHAM ABUHOURAN, ET AL, FOR ORDER LIMITING DISCOVERY . (cmc) (Entered: 06/06/1996) |
| 05/30/1996 | 97 | ORDER DATED 5/30/96 AS TO HITHAM ABUHOURAN, ET AL, GRANTING [96-1] MOTION FOR ORDER LIMITING DISCOVERY AS TO HITHAM ABUHOURAN, ET AL. (SIGNED BY JUDGE LOUIS H. POLLAK) 6/6/96 ENTERED AND COPIES MAILED. (cmc) (Entered: 06/06/1996) |
| 05/30/1996 | 98 | MOTION BY USA AS TO HITHAM ABUHOURAN, ET AL, TO IMPOUND THE GOVT.'S EX PARTE MOTION FOR ORDER LIMITING DISCOVERY . (cmc) (Entered: 06/06/1996) |
| 05/30/1996 | 99 | ORDER DATED 5/30/96 AS TO HITHAM ABUHOURAN, ET AL, [98-1] MOTION TO IMPOUND THE GOVT.'S EX PARTE MOTION FOR ORDER LIMITING DISCOVERY AS TO HITHAM ABUHOURAN, ET AL, IS GRANTED AND SHALL BE IMPOUNDED. (SIGNED BY JUDGE LOUIS H. POLLAK) 6/6/96 ENTERED AND COPIES MAILED. (cmc) (Entered: 06/06/1996) |
| 05/30/1996 | 100 | ORDER TO SEAL DOCUMENTS #96, 97, 98, 99, 100 AS TO HITHAM ABUHOURAN, ET AL, UNTIL FURTHER ORDER OF THIS COURT. (SIGNED BY JUDGE LOUIS H. POLLAK) 6/6/96 ENTERED AND COPIES MAILED. (cmc) (Entered: 06/06/1996) |
| 06/25/1996 | 101 | ORDER DATED 6/24/96 AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT ORAL ARGUMENT ON ALL OUTSTANDING MOTIONS WILL BE HELD ON 7/9/96 AT 10:30 A.M. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 6/25/96 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 06/25/1996) |
| 06/26/1996 | 102 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB, TO ADMIT EVIDENCE OF EXTRINSIC ACTS , MEMORANDUM, CERT. OF SERVICE. (lb) (Entered: 06/27/1996) |
| 08/05/1996 | 103 | Minute entry dated 7/9/96 as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN and KASSEM ALAOUIE: Re: Outstanding Motions: RULING C.A.V. (lb) (Entered: 08/05/1996) |
| | | |

| 08/05/1996 | 104 | MEMORANDUM AND ORDERS DATED 8/1/96 AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE AND KARAM SALIB THAT DEFENDANT HITHAM ABUHOURAN'S OMNIBUS MOTION DOC. # 71 DENYING MOTION FOR AN ORDER TO COMPEL BRADY MATERIAL, MOTION FOR AN ORDER TO COMPEL JENCKS MATERIAL, MOTION FOR A STARKS HEARING, MOTION FOR A VOLUNTARINESS HEARINGS, MOTION FOR A CONTINUANCE, MOTION FOR AN ORDER TO REQUIRE THE GOVERNMENT TO PROVIDE MATERIAL PURSUANT TO FEDERAL RULE OF EVIDENCE 404, MOTION FOR AN ORDER TO ALLOW DEFENDANT TO EXAMINE, PHOTOGRAPH, TEST AND INSPECT ALL DOCUMENTS IN THE GOVERNMENT'S POSSESSION, MOTION FOR AN ORDER TO COMPEL THE GOVERNMENT TO DISCLOSE THE IDENTIES OF CONFIDENTIAL INFORMANTS, MOTION FOR SEVERANCE, MOTION FOR BILL OF PARTICULARS, MOTION FOR AN ORDER PURSUANT TO RULE 16(a)(1)(E), MOTION FOR PERMISSION TO ASK VOIR DIRE QUESTION AND MOTION TO DISMISS COUNT 56 OF THE INDICTMENT, OR IN ALTERNATIVE FOR DISCOVERY. DEFENDANT ADMA ABUHOURAN'S PRETRIAL MOTIONS DOC. # 73 THAT DEFENDANT MOTION TO DISMISS COUNT 26 IS GRANTED AND DENYING MOTION TO REQUIRE THE GOVERNMENT TO ELECT BETWEEN COUNTS 29, 30, 31, MOTION TO DISMISS COUNT 31, MOTION FOR BILL OF PARTICULARS AND DENYING MOTION FOR SEVERANCE AND DOCUMENT # 74 OF ADHAM ABUHOURAN'S PRETRIAL MOTION HE JOINS FILED BY ALL CO-DEFENDANT'S IS DENIED. DEFENDANT AKTHAM ABUHOURAN'S OMNIBUS MOTION DOCUMENT # 75 DENYING MOTION FOR SEVERANCE, MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO PROVIDE BRADY MATERIAL, MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO PROVIDE JENCKS MATERIAL AND MOTION FOR BILL OF PARTICULARS. DEFENDANT KASSEM ALAOUIE'S MOTION FOR SEVERANCE DOCUMENT # 82 IS DENIED AND DEFENDANT SETH T. GARDNER'S MOTION FOR SEVERANCE DOCUMENT # 72 IS GRANTED. (SIGNED BY JUDGE LOUIS H. POLLAK), 8/6/96 ENTERED AND COPIES MAILED. (lb) (Entered: 08/06/1996) |
| 08/13/1996 | 106 | Trial Brief by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB. Cert. of Service. (lb) (Entered: 08/13/1996) |
| 08/13/1996 | 107 | Voir Dire Questions by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN and KASSEM ALAOUIE. Cert. of Service. (lb) (Entered: 08/13/1996) |

| 08/13/1996 | 108 | Proposed Jury Instructions by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN and KASSEM ALAOUIE. Cert. of Service. (lb) (Entered: 08/13/1996) |
| 08/13/1996 | 109 | MOTION BY USA AS TO HITHAM ABUHOURAN, ETAL., IN LIMINE TO BAR REFERENCE AT TRIAL TO POTENTIAL PUNISHMENTS , MEMORANDUM, CERT. OF SERVICE. (lb) Modified on 08/14/1996 (Entered: 08/14/1996) |
| 08/13/1996 | 110 | MOTION BY USA AS TO HITHAM ABUHOURAN, ETAL., TO ADMIT TAX RETURNS AND RETURN INFORMATION , MEMORANDUM, CERT. OF SERVICE. (lb) (Entered: 08/14/1996) |
| 08/27/1996 | 112 | ORDER DATED 8/26/96 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT THE ORAL ARGUMENT ON ALL OUTSTANDING MOTIONS SCHEDULED FOR 9/4/96 AT 11:00 A.M., HAS BEEN RESCHEDULED TO 9/3/96 AT 11:00 A.M., IT IS FURTHER ORDERED THAT RESPONSES TO OUTSTANDING MOTINS, TRIAL BRIEFS, ETC., SHALL BE FILED BY 8/28/96. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 8/27/96 ENTERED AND COPIES MAILED AND FAXED BY COURTROOM DEPUTY. (lb) (Entered: 08/27/1996) |
| 08/27/1996 | 113 | ORDER DATED 8/26/96 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT ORAL ARGUMENT ON ALL OUTSTANDING MOTIONS WILL BE HELD ON 9/4/96 AT 11:00 A.M., WITH CONDITIONS. ( SIGNED BY LOUIS H. POLLAK ), 8/27/96 ENTERED AND COPIES MAILED AND FAXED BY COURTROOM DEPUTY. (lb) (Entered: 08/27/1996) |
| 08/28/1996 | 115 | ORDER DATED 8/28/96 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN AND KASSEM ALAOUIE THAT THE ORAL ARGUMENT ON ALL OUTSTANDING MOTIONS SCHEDULED FOR 9/3/96 AT 11:00 A.M., IS CHANGED TO 2:15 P.M., WITH CONDITIONS. ( SIGNED BY LOUIS H. POLLAK ), 8/29/96 ENTERED AND COPIES MAILED AND FAXED BY COURTROOM DEPUTY. (lb) (Entered: 08/29/1996) |
| 08/30/1996 | 121 | Response by AKTHAM ABUHOURAN to Government's requested jury instructions. (ar) (Entered: 08/30/1996) |
| 08/30/1996 | 122 | Proposed Voir Dire Questions by AKTHAM ABUHOURAN, Certificate of Service. (ar) (Entered: 08/30/1996) |
| 08/30/1996 | 123 | REQUEST BY AKTHAM ABUHOURAN FOR SUPPLEMENTAL JURY INSTRUCTIONS , CERTIFICATE OF SERVICE. (ar) Modified on 08/30/1996 (Entered: 08/30/1996) |
| 08/30/1996 | 124 | Response by AKTHAM ABUHOURAN in partial opposition to MOTION TO ADMIT TAX RETURNS AND RETURN |

| | | INFORMATION, Certificate of Service. (ar) (Entered: 08/30/1996) |
|---|---|---|
| 08/30/1996 | 125 | Response by AKTHAM ABUHOURAN to MOTION TO ADMIT EVIDENCE OF EXTRINSIC ACTS, Certificate of Service. (ar) (Entered: 08/30/1996) |
| 08/30/1996 | 126 | Response by AKTHAM ABUHOURAN to [102-1] MOTION TO ADMIT EVIDENCE OF EXTRINSIC ACTS. Cert. of Service. (lb) (Entered: 08/30/1996) |
| 08/30/1996 | 127 | Response by AKTHAM ABUHOURAN to [110-1] MOTION TO ADMIT TAX RETURNS AND RETURN INFORMATION. Cert. of Service. (lb) (Entered: 08/30/1996) |
| 08/30/1996 | 128 | Defendant AKTHAM ABUHOURAN'S request for supplemental jury instructions. Cert. of Service. (lb) (Entered: 08/30/1996) |
| 08/30/1996 | 129 | Proposed Voir Dire Questions by AKTHAM ABUHOURAN, Cert. of service. (lb) (Entered: 08/30/1996) |
| 08/30/1996 | 130 | Response by AKTHAM ABUHOURAN [108-1] government's requested instructions jury, Cert. of Service. (lb) (Entered: 08/30/1996) |
| 09/04/1996 | 132 | MOTION BY AKTHAM ABUHOURAN, TO BAR STATEMENTS OF COUNSEL AND DEFENDANT , CERT. OF SERVICE. (lb) (Entered: 09/04/1996) |
| 09/04/1996 | 134 | Proposed Jury Instructions by USA as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, regarding forfeiture, Cert. of Service. (lb) (Entered: 09/04/1996) |
| 09/04/1996 | 135 | Trial Brief Regarding Forfeiture by USA as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, Cert. of Service. (lb) (Entered: 09/04/1996) |
| 09/05/1996 | 138 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE dated 9/3/96 re: Oral Argument/Conference. Argued Sur: Outstanding motions. Govt's Motion to Reconsider Dismissal of Count 26 as to Deft. Adma Abuhouran - Granted. Govt's Motion in Limine to bar reference at trial to potential punishments - Granted. (jh) (Entered: 09/06/1996) |
| 09/05/1996 | 139 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE dated 9/4/96 re: Oral Argument/Conference. Argued sur: Outstanding motions. Motion of Deft. Hitham Abuhouran for a waiver of trial by Jury, which was joined by all remaining defts -DENIED. Motion of Deft. Hitham Abuhouran to sequester the Jury - DENIED. (jh) (Entered: 09/06/1996) |
| 09/05/1996 | 140 | ORDER DATED 9/5/96 THAT THE MOTION OF GOVT. TO RECONSIDER DISMISSAL OF COUNT 26 AS TO DEFT. ADMA |

| | | |
|---|---|---|
| | | ABUHOURAN IS GRANTED. UPON RECONSIDERATION OF DEFT. ADMA ABUHOURAN'S MOTION TO DISMISS COUNT 26, THE EARLIER ORDER AS TO THAT MOTION IS VACATED AND THE MOTION TO DISMISS IS DENIED. THE GOVT'S MOTION IN LIMINE TO BAR REFERENCE AT TRIAL TO POTENTIAL PUNISHMENTS IS GRANTED. DEFT. HITHAM ABUHOURAN'S MOTION FOR A WAIVER OF TRIAL BY JURY, WHICH WAS JOINED BY CO- DEFTS. IS DENIED. DEFT. HITHAM ABUHOURAN'S MOTION TO SEQUESTER THE JURY IS DENIED. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 9/6/96 ENTERED AND COPIES MAILED BY CHAMBERS. (jh) (Entered: 09/06/1996) |
| 09/09/1996 | 142 | ORDER OF CONTINUANCE AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE THAT CASE IS CONTINUED UNTIL SEPTEMBER 10, 1996, IN ACCORDANCE WITH 18:U.S.C. 3161 (h)(8), ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 09/10/96 ENTERED AND COPIES/FAXED. MAILED. (ar) (Entered: 09/10/1996) |
| 09/10/1996 | 143 | ORDER DATED 9/9/96 AS TO HITHAM ABUHOURAN, ETAL., GRANTING IN PART, DENYING IN PART [110-1] MOTION TO ADMIT TAX RETURNS AND RETURN INFORMATION AND GRANTING IN PART, DENYING IN PART [102-1] MOTION TO ADMIT EVIDENCE OF EXTRINSIC ACTS. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 9/11/96 ENTERED AND COPIES MAILED AND FAXED BY COURTROOM DEPUTY. (lb) (Entered: 09/11/1996) |
| 09/11/1996 | 148 | ORDER DATED 9/10/96 THAT PURSUANT TO 18 U.S.C. 3161(h)(8) THIS CASE AS TO ADHAM ABUHOURAN AND AKTHAM ABUHOURAN IS CONTINUED UNTIL 9/16/96 WITH THE AGREEMENT OF COUNSEL AND DEFENDANTS. (SIGNED BY JUDGE LOUIS H. POLLAK), 9/12/96 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 09/12/1996) |
| 09/12/1996 | 149 | MOTION BY USA AS TO AKTHAM ABUHOURAN, TO DISMISS COUNT 16 OF THE INDICTMENT , CERT. OF SERVICE. (lb) (Entered: 09/13/1996) |
| 09/12/1996 | 150 | ORDER DATED 9/12/96 AS TO AKTHAM ABUHOURAN GRANTING [149-1] MOTION TO DISMISS COUNT 16 OF THE INDICTMENT AS TO AKTHAM ABUHOURAN ONLY. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 9/13/96 ENTERED AND COPIES MAILED. (lb) (Entered: 09/13/1996) |
| 09/12/1996 | | Dismissal of Count(s) on Government Motion as to AKTHAM ABUHOURAN: Count Dismissed: 16. (lb) (Entered: 09/13/1996) |
| 09/18/1996 | 152 | Voir dire begun 9/16/96 as to ADHAM ABUHOURAN (3) count(s) 7, 8, 18, 20, 26, 27, 47, 48, 53, 54, AKTHAM ABUHOURAN (4) count(s) 5, 17, 20, 26, 27, 47, 48, 51, 54. Trial resumes. (lb) (Entered: 09/19/1996) |
| 09/19/1996 | 155 | Trial Minutes dated 9/17/96 as to ADHAM ABUHOURAN, AKTHAM |

| | | ABUHOURAN. Trial resumes. (lb) (Entered: 09/20/1996) |
|---|---|---|
| 09/19/1996 | 156 | Trial Minutes dated 9/18/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 09/20/1996) |
| 09/19/1996 | 157 | Trial Minutes dated 9/19/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 09/20/1996) |
| 09/19/1996 | 158 | Waiver of Presence of Court Stenographer or Electronic Sound Recording Operator and Defendant(s) at Drawing of Jury Panel Members in Criminal Trials as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. (lb) (Entered: 09/20/1996) |
| 09/23/1996 | 159 | Trial Minutes. dated 9/20/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN, Trial resumes. (lb) (Entered: 09/23/1996) |
| 10/01/1996 | 160 | Trial Minutes dated 9/24/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/01/1996) |
| 10/01/1996 | 161 | Trial Minutes dated 9/25/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/01/1996) |
| 10/01/1996 | 162 | Trial Minutes dated 9/26/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/01/1996) |
| 10/01/1996 | 163 | Trial Minutes dated 9/30/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/01/1996) |
| 10/01/1996 | 164 | ORDER DATED 9/30/96 AS TO ADHAM ABUHOURAN AND AKTHAM ABUHOURAN THAT THE CLERK OF COURT FOR THE EDPA IS DIRECTED TO FURNISH REFRESHMENTS FOR 14 JURORS ON SEPT. 25, 26 AND 30, 1996 IN THIS CASE. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/1/96 ENTERED. (lb) (Entered: 10/01/1996) |
| 10/03/1996 | 165 | Trial Minutes dated 10/1/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/03/1996) |
| 10/03/1996 | 166 | Trial Minutes dated 10/2/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/03/1996) |
| 10/08/1996 | 167 | Trial Minutes for Criminal Jury Trial day 12 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/03/96: Trial resumes. (ar) (Entered: 10/08/1996) |
| 10/08/1996 | 168 | Trial Minutes for Criminal Jury Trial date 13 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/04/96: Trial resumes. (ar) (Entered: 10/08/1996) |
| 10/08/1996 | 169 | Trial Minutes for Criminal Jury Trial day 14 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/07/96: Trial resumes. (ar) (Entered: 10/08/1996) |
| 10/08/1996 | 170 | ORDER DATED 10/07/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT FOR THE |

| | | |
|---|---|---|
| | | EASTERN DISTRICT OF PENNSYLVANIA BE AND IS HEREBY DIRECTED TO FURNISH REFRESHMENTS FOR 14 JURORS ON OCTOBER 1,2,3, & 4, 1996, etc. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/08/96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/08/1996) |
| 10/09/1996 | 171 | Trial Minutes for Criminal Jury Trial Day 15 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/08/96: Trial resumes. (ar) (Entered: 10/10/1996) |
| 10/10/1996 | 172 | ORDER DATED 10/10/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA FURNISH REFRESHMENTS FOR 14 JURORS ON OCTOBER 7,8,9, AND 10, 1996.( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/11/96 ENTERED AND COPIES SENT TO FISCAL BY CHAMBERS. (ar) (Entered: 10/11/1996) |
| 10/10/1996 | 173 | Trial Minutes for Criminal Jury Trial Day 16 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/09/96: Trial resumes. (ar) (Entered: 10/11/1996) |
| 10/10/1996 | 174 | Trial Minutes for Criminal Jury Trial day 17 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/10/96: Trial resumes. (ar) (Entered: 10/11/1996) |
| 10/17/1996 | 175 | ORDER DATED 10/17/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT FURNISH REFRESHMENTS FOR 14 JURORS ON OCTOBER 15, 16, AND 17, 1996. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/17/96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/17/1996) |
| 10/17/1996 | 176 | Trial Minutes dated 10/15/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/17/1996) |
| 10/17/1996 | 177 | Trial Minutes 10/16/96 as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. Trial resumes. (lb) (Entered: 10/17/1996) |
| 10/22/1996 | 178 | Trial Minutes of 10/17/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (jh) (Entered: 10/23/1996) |
| 10/22/1996 | 179 | Trial Minutes of 10/21/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (jh) (Entered: 10/23/1996) |
| 10/25/1996 | 180 | ORDER DATED 10/25/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT FOR THE EDPA FURNISH REFRESHMENTS FOR 14 JURORS ON OCTOBER 21,22,23,24,25. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/28/96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/28/1996) |
| 10/25/1996 | 181 | ORDER DATED 10/25/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT IS |

| | | HEREBY DIRECTED TO FURNISH LUNCH FOR 14 JURORS AND ONE DEPUTY CLERK ON OCTOBER 23,24,25, 1996. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/28/96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/28/1996) |
|---|---|---|
| 10/25/1996 | 182 | Trial Minutes of 10/22/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (jh) (Entered: 10/28/1996) |
| 10/25/1996 | 183 | Trial Minutes of 10/23/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (jh) (Entered: 10/28/1996) |
| 10/25/1996 | 184 | Trial Minutes of 10/24/96 as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (jh) (Entered: 10/28/1996) |
| 10/28/1996 | 185 | Trial Minutes Day (25) as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/25/96: Trial resumes. Deliberations to resume on Monday, 10/28/96. (ar) (Entered: 10/28/1996) |
| 10/30/1996 | 187 | Jury Verdict dated 10/29/96 as to AKTHAM ABUHOURAN GUILTY: AKTHAM ABUHOURAN (4) count(s) 5, 20, 26, 27, 47, 48, 54 and NOT GUILTY: count 17 . PSI Ordered. Sentencing date to be set. (lb) (Entered: 10/30/1996) |
| 10/30/1996 | 188 | Jury Verdict Sheet as to ADHAM ABUHOURAN and AKTHAM ABUHOURAN. (lb) (Entered: 10/30/1996) |
| 10/31/1996 | 189 | Trial Minutes as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 10/28/96: Trial day (26); trial resumes. (ar) (Entered: 10/31/1996) |
| 10/31/1996 | 190 | JUDGMENT AKTHAM ABUHOURAN (4) count(s) 17. NOT GUILTY AS TO COUNT 17. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/31/96 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 10/31/1996) |
| 10/31/1996 | 191 | ORDER DATED 10/30/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT IS HEREBY DIRECTED TO FURNISH LUNCH FOR 14 JURORS AND ONE DEPUTY MARSHAL ON OCTOBER 28, & 29. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/31/96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/31/1996) |
| 10/31/1996 | 192 | ORDER DATED 10/30/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK OF COURT IS HEREBY DIRECTED TO FURNISH REFRESHMENTS FOR 14 JURORS ON OCTOBER 28 & 29, 1996.( SIGNED BY JUDGE LOUIS H. POLLAK ), 10/31/;96 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 10/31/1996) |
| 11/05/1996 | 195 | MOTION BY AKTHAM ABUHOURAN FOR NEW TRIAL AND/OR ARREST OF JUDGMENT , CERTIFICATE OF SERVICE. (ar) (Entered: 11/06/1996) |
| 11/13/1996 | 196 | ORDER DATED 11/13/96 AS TO ADHAM ABUHOURAN, AKTHAM |

| | | |
|---|---|---|
| | | ABUHOURAN THAT THE BAIL CONDITIONS PREVIOUSLY SET ARE MODIFIED AS FOLLOWS: THE ABOVE NAMED DEFTS SHALL REPORT TO PRETRIAL ONCE A WEEK IN PERSON AND EVERY OTHER DAY BY PHONE; DEFT ADHAM ABUHOURAN SHALL BE REQUIRED TO POST CASH BOND OF $100,000/5% NO LATER THAN 11/12/96; ALL OTHER BAIL CONDITIONS PREVIOUSLY SET, TO THE EXTENT THEY DO NOT CONFLICT WITH THE CONDITIONS STATED ABOVE, SHALL REMAIN IN EFFECT. (SIGNED BY JUDGE LOUIS H. POLLAK) 11/14/96 ENTERED AND COPIES MAILED BY CHAMBERS 11/13. (cmc) (Entered: 11/14/1996) |
| 11/26/1996 | 197 | ORDER DATED 11/25/96, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE DEFENDANTS SHALL SUPPLEMENT THEIR POST-TRIAL MOTIONS AND FILE A MEMORANDUM OF LAW IN SUPPORT OF ALL THEIR POST-TRIAL MOTIONS NO LATER THAN MONDAY, DECEMBER 9, 1996. THE GOVERNMENT SHALL FLE A RESPONSE TO ALL POST-TRIAL MOTIONS NO LATER THAN MONDAY, DECMEBER 23, 1996.( SIGNED BY JUDGE LOUIS H. POLLAK ), 11/26/96 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 11/26/1996) |
| 12/03/1996 | 201 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB SEALED MOTION (ar) (Entered: 12/05/1996) |
| 12/05/1996 | 198 | ORDER DATED 12/05/96, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB (SEALED AND IMPOUNDED)( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/05/96 ENTERED AND COPIES MAILED. (ar) (Entered: 12/05/1996) |
| 12/05/1996 | 199 | MOTION AND ORDER DATED 12/05/96, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB THAT THE EX PARTE MOTION TO DELAY DISCLOSURE PURSUANT TO THE RIGHT TO FINANCIAL PRIVACY ACT AND ALL RELATED PAPERS AND DOCKET ENTRIES ARE IMPOUNDED UNTIL FURTHER ORDER OF THIS COURT. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/05/96 ENTERED AND COPIES MAILED. (ar) Modified on 12/05/1996 (Entered: 12/05/1996) |
| 12/05/1996 | 200 | ORDER TO SEAL (DOCUMENTS 198, 199, 200,201) DATED 12/05/96, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB ( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/05/96 ENTERED AND COPIES MAILED. (ar) Modified on 12/05/1996 (Entered: 12/05/1996) |
| | | |

| 12/09/1996 | 204 | MOTION BY AKTHAM ABUHOURAN FOR NEW TRIAL , AND/OR ARREST OF JUDGMENT , CERTIFICATE OF SERVICE. (ar) (Entered: 12/10/1996) |
|------------|-----|------|
| 12/09/1996 | 205 | Memorandum of Law by AKTHAM ABUHOURAN in support of MOTION FOR NEW TRIAL, AND/OR MOTION ARREST OF JUDGMENT, Certificate of Service. (ar) (Entered: 12/10/1996) |
| 12/19/1996 | 206 | Consolidated Response by USA as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN re: [204-1] MOTION FOR NEW TRIAL, [204-2] MOTION ARREST OF JUDGMENT, [202-1] MOTION FOR JUDGMENT OF ACQUITTAL, [202-2] MOTION FOR NEW TRIAL, Memorandum, Cert. of Service. (jh) (Entered: 12/20/1996) |
| 12/19/1996 | 207 | MOTION BY USA SEALED MOTION . (jh) (Entered: 12/20/1996) |
| 12/19/1996 | 208 | ORDER DATED 12/19/96 GRANTING [207-1] SEALED MOTION. (SEALED AND IMPOUNDED) ( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/20/96 ENTERED. (jh) (Entered: 12/20/1996) |
| 12/19/1996 | 209 | MOTION AND ORDER TO SEAL DOCUMENT # 207. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/20/96 ENTERED. (jh) (Entered: 12/20/1996) |
| 12/19/1996 | 210 | ORDER TO SEAL DOCUMENTS # 207, # 208 & #209. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 12/20/96 ENTERED. (jh) (Entered: 12/20/1996) |
| 01/17/1997 | 215 | Notice of hearing on motion rescheduled for Wednesday, February 12, 1997, at 9:30 A.M. as to AKTHAM ABUHOURAN. (ar) (Entered: 01/21/1997) |
| 01/30/1997 | 219 | Notice as to AKTHAM ABUHOURAN that the hearing on motion has been rescheduled for Wednesday, February 26, 1997, at 9:00 A.M. before Judge Louis H. Pollak. (ar) (Entered: 01/31/1997) |
| 02/14/1997 | 223 | MOTION BY USA AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN SEALED MOTION (ar) (Entered: 02/18/1997) |
| 02/18/1997 | 220 | Transcript of Excerpt of Jury Trial filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for date of 10/25/96. (ar) (Entered: 02/18/1997) |
| 02/18/1997 | 221 | Transcript of excerpt of jury trial filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for date of 09/18/96. (ar) (Entered: 02/18/1997) |
| 02/18/1997 | 222 | Transcript of excerpt of jury trial filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for date of 10/28/96. (ar) (Entered: 02/18/1997) |
| 02/18/1997 | 224 | MEMORANDUM AND ORDER TO SEAL AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN |

| | | ( SIGNED BY JUDGE LOUIS H. POLLAK ), 02/18/97 ENTERED AND COPIES GIVEN. (ar) (Entered: 02/18/1997) |
|---|---|---|
| 02/19/1997 | | Sealed Document as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (See Paper No. 224) (ar) (Entered: 02/19/1997) |
| 02/26/1997 | 226 | Transcript of Jury Trial filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for date of 10/15/96. (ar) (Entered: 02/26/1997) |
| 02/27/1997 | 227 | Minute entry as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 02/26/97: Post-Trial Hearing; Witnesses called and sworn. Motion to set aside verdict and grant a new trial is denied. An order will follow. (ar) (Entered: 02/27/1997) |
| 03/03/1997 | 228 | MOTION BY USA AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB SEALED MOTION (ar) (Entered: 03/03/1997) |
| 03/03/1997 | 229 | ORDER AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB GRANTING [228-1] MOTION SEALED MOTION. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/03/97 ENTERED. (ar) (Entered: 03/03/1997) |
| 03/03/1997 | 230 | MOTION AND ORDER AND ORDER TO SEAL AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/03/97 ENTERED. (ar) (Entered: 03/03/1997) |
| 03/03/1997 | 231 | ORDER DATED 03/03/97, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN DENYING [204-1] MOTION FOR NEW TRIAL AND/OR MOTION ARREST OF JUDGMENT AS TO AKTHAM ABUHOURAN AND DENYING [202-1] MOTION FOR JUDGMENT OF ACQUITTAL AND/OR MOTION FOR NEW TRIAL AS TO ADHAM ABUHOURAN (3) ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/04/97 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 03/04/1997) |
| 03/13/1997 | 239 | ORDER DATED 03/12/97, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/14/97 ENTERED AND COPIES MAILED (SEALED AND IMPOUNDED).. (ar) (Entered: 03/14/1997) |
| 03/13/1997 | 240 | ORDER DATED 03/13/97, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/14/97 ENTERED AND COPIES MAILED. (SEALED AND IMPOUNDED. (ar) (Entered: 03/14/1997) |

| 03/13/1997 | 241 | ORDER TO SEAL ( Documents 239 and 240) AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, ADMA ABUHOURAN, KASSEM KARAM SALIB ( SIGNED BY JUDGE LOUIS H. POLLAK ), 03/14/97 ENTERED. (ar) (Entered: 03/14/1997) |
|---|---|---|
| 03/18/1997 | 244 | CONSENT ORDER DATED 3/14/97 AS TO AKTHAM ABUHOURAN PER REQUEST LETTER TO JUDGE POLLAK, THAT DEFT IS PERMITTED TO TRAVEL OUTSIDE THE DISTRICT FROM NEWARK, NJ TO WASHINGTON, DC FROM 3/19/97 TO 3/21/97 TO ATTEND A RECEPTION. (SIGNED BY JUDGE LOUIS H. POLLAK) 3/19/97 ENTERED AND COPIES MAILED AND FAXED. (cmc) (Entered: 03/19/1997) |
| 04/08/1997 | 250 | Notice as to AKTHAM ABUHOURAN that sentencing has been set for June 5, 1997, at 11:30 A.M. before Judge Louis H. Pollak, etc. (ar) (Entered: 04/08/1997) |
| 04/08/1997 | | Deadline updated as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, KASSEM ALAOUIE, KARAM SALIB, SET SENTENCING FOR 10:00 6/4/97 for HITHAM ABUHOURAN, 9:30 6/30/97 for SETH T. GARDNER, 9:30 6/5/97 for ADHAM ABUHOURAN, for AKTHAM ABUHOURAN, 10:00 5/6/97 for KASSEM ALAOUIE, 10:00 5/5/97 for KARAM SALIB (ar) (Entered: 04/08/1997) |
| 05/02/1997 | 255 | Supplemental Memorandum by USA as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN in support of Government's Motion for Revocation of Bail, Certificate of Service. (ar) (Entered: 05/05/1997) |
| 05/05/1997 | 260 | ARREST Warrant Returned Executed as to AKTHAM ABUHOURAN on 5/2/97 . (cmc) (Entered: 05/05/1997) |
| 05/07/1997 | 261 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 5/2/97 re: Telephone conference- Court schedules hearing for 5/6/97 3:00 p.m. to discuss bail revocation proceedings. (cmc) (Entered: 05/07/1997) |
| 05/07/1997 | 262 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 5/6/97 re: Bail revocation hearing- Court schedules hearings for 5/12/97 9:30 a.m. (cmc) (Entered: 05/07/1997) |
| 05/07/1997 | 265 | Notice dated 5/6/97 by USA as to AKTHAM ABUHOURAN that a bail revocation hearing is set for 5/12/97 at 9:30 a.m., before Judge Pollak. (lb) (Entered: 05/08/1997) |
| 05/08/1997 | 266 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/22/96. (jh) (Entered: 05/09/1997) |
| 05/09/1997 | 268 | MOTION BY USA AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN TO ADMIT TAX |

| | | |
|---|---|---|
| | | RETURNS AND RETURN INFORMATION , CERTIFICATE OF SERVICE. (ar) (Entered: 05/12/1997) |
| 05/13/1997 | 271 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 05/12/97: Hearing re: Government's Motion for Revocation of Bail. (ar) (Entered: 05/14/1997) |
| 05/15/1997 | 273 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 05/13/97: Hearing re: Government's motion for revocation of bail. (ar) (Entered: 05/16/1997) |
| 05/15/1997 | 274 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 05/14/97: Hearing re: Government's motion for revocation of bail. Ruling: Court orders taht bail as previously set for Hitham Aubhouran is revoked and he will be detained pending sentencing, etc. (ar) (Entered: 05/16/1997) |
| 05/15/1997 | 275 | ORDER DATED 05/15/97, AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT BAIL PREVIOUSLY SET FOR HITHAM ABUHOURAN IS REVOKED AND HE WILL BE DETAINED PENDING SENTENCING, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 05/16/97 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 05/16/1997) |
| 05/22/1997 | 279 | Answer by AKTHAM ABUHOURAN to Govt's Ex Parte Motion for Revocation of Bail, Memorandum, Cert. of Service. (jh) (Entered: 05/22/1997) |
| 06/03/1997 | 285 | Amended Notice by USA as to AKTHAM ABUHOURAN that sentencing is set for 7/1/97 at 1:30 p.m., before Judge Pollak. (lb) (Entered: 06/04/1997) |
| 06/03/1997 | 286 | ORDER DATED 6/3/97 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN AND AKTHAM ABUHOURAN THAT ALL OBJECTIONS TO THE PRESENTENCE SHALL BE SUBMITTED BY THE PARTIES TO THE PROBATION OFFICE NO LATER THAN 6/10/97 WITH CONDITIONS. THE GOVERNMENT SHALL FIEL IT SENTENCING MEMORANDUM NO LATER THAN 6/23/97 WITH CONDITIONS. SENTENCING OF STEVE ABUHOURAN IS SCHEDULED FOR 6/26/97 AT 10:00 A.M., ADAM ABUHOURAN ON 7/1/97 AT 9:30 A.M., AND TONY ABUHOURAN ON 7/1/97 AT 1:30 P.M. (SIGNED BY JUDGE LOUIS H. POLLAK), 6/4/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (lb) (Entered: 06/04/1997) |
| 06/10/1997 | 287 | ORDER DATED 06/09/97, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE DEFENDANTS INCUR THE COST OF THE ELECTRONIC MONITORING IMPOSED BY THIS COURT'S ORDER OF MAY 15, 1997, ETC.( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/10/97 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 06/10/1997) |
| 06/18/1997 | 292 | MOTION BY USA AS TO AKTHAM ABUHOURAN FOR |

| | | JUDGMENT AND ORDER OF FORFEITURE , CERTIFICATE OF SERVICE. (ar) (Entered: 06/18/1997) |
|---|---|---|
| 06/19/1997 | 293 | Sentencing Memorandum by USA as to HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN, Certificate of Service. (ar) (Entered: 06/19/1997) |
| 06/20/1997 | 294 | ORDER DATED 06/18/97, AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE CLERK PREPARE A TRANSCRIPT OF THE EX PARTE HEARING HELD ON MARCH 11, 1997, AND RELEASE A COPY OF THAT TRANSCRIPT TO AUSA ROBERT A. ZAUZMER, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/20/97 ENTERED AND COPIES SENT BY CHAMBERS. (ar) (Entered: 06/20/1997) |
| 06/23/1997 | 295 | Response by USA as to AKTHAM ABUHOURAN re: [280-1] MOTION TO CONTINUE SENTENCING DATE, Cert. of Service. (cmc) (Entered: 06/24/1997) |
| 06/24/1997 | 297 | ORDER DATED 06/23/97, AS TO HITHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE MOTION OF DEFENDANT AKTHAM ABUHOURAN FOR CONTINUANCE OF SENTENCING SHALL REMAIN UNDER SEAL, ETC. THE EMERGENCY MOTION OF DEFENDANT HITHAM ABUHOURAN, IN WHICH DEFENDANT AKTHAM ABUHOURAN JOINS THAT THE GOVERNMENT'S RESPONSE TO AKTHAM ABUHOURAN'S MOTION FOR CONTINUANCE OF SENTENCING BE FILED UNDER SEAL IS DENIED.( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/25/97 ENTERED AND COPIES FAXED BY CHAMBERS. (ar) (Entered: 06/25/1997) |
| 06/25/1997 | 298 | Response by USA as to AKTHAM ABUHOURAN re: [280-1] MOTION TO CONTINUE SENTENCING DATE, Certificate of Service. (ar) (Entered: 06/25/1997) |
| 06/25/1997 | 299 | Minute entry as to HITHAM ABUHOURAN, AKTHAM ABUHOURAN dated 06/23/97: Telephone Conference - Ruling: Defendant Aktham Abuhouran's motion for continuance of sentencing shall remain under seal pending a written submission of defendant's counsel regarding why the motion should remain sealed, etc. The emergency motion of Defendant Higham Abuhouran that the government's response to Aktham Abuhouran's motion for continuance of sentencing be filed under seal - denied. (ar) (Entered: 06/26/1997) |
| 06/26/1997 | 301 | ORDER DATED 06/25/97, AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN DENYING [300-1] MOTION TO SEAL ( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/26/97 ENTERED AND COPIES FAXED BY CHAMBERS. (ar) (Entered: 06/26/1997) |
| 06/26/1997 | 303 | ORDER DATED 06/25/97, AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT MOTION OF DEFENDANT STEVE HOURAN TO FILE CONFIDENTIAL |

| | | EXHIBIT NO. 1 TO HIS MOTION FOR CONTINUANCE OF SENTENCING UNDER SEAL IS GRANTED, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/26/97 ENTERED AND COPIES FAXED BY CHAMBERS.. (ar) (Entered: 06/26/1997) |
|---|---|---|
| 06/26/1997 | 306 | Minute entry as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN dated 06/25/97: Judge grants motion for continuance of sentencing. (ar) (Entered: 06/27/1997) |
| 06/27/1997 | 308 | ORDER DATED 06/26/97, AS TO HITHAM ABUHOURAN, SETH T. GARDNER, ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE SENTENCING HEARING PREVIOUSLY SCHEDULED IN THIS MATTER BE CONTINUED, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 06/27/97 ENTERED COPIES MAILED AND FAXED BY CHAMBERS. (ar) (Entered: 06/27/1997) |
| 07/02/1997 | 313 | Notice as to AKTHAM ABUHOURAN that case has been set for sentencing on Wednesday, August 2, 1997, at 1:30 P.M. before Judge Louis H. Pollak, etc. (ar) (Entered: 07/02/1997) |
| 07/02/1997 | | Deadline updated as to AKTHAM ABUHOURAN, SET SENTENCING FOR 1:30 8/20/97 for AKTHAM ABUHOURAN (ar) (Entered: 07/02/1997) |
| 07/17/1997 | 314 | ORDER DATED 07/15/97 AS TO HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT THE MOTION OF DEFENDANTS FOR THE HEARING ON THEIR MOTIONS TO CONTINUED SENTENCING TO BE HELD IN CAMERA IS DENIED. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 07/18/97 ENTERED AND COPIES FAXED BY CHAMBERS. (ar) (Entered: 07/18/1997) |
| 08/15/1997 | 320 | Sentencing Memorandum by AKTHAM ABUHOURAN, Certificate of Service. (ar) (Entered: 08/15/1997) |
| 08/15/1997 | 321 | ORDER DATED 08/15/97, AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN THAT A BENCH WARRANT ISSUE FORTHWITH FOR THE ARREST OF DEFENDANT, ETC.( SIGNED BY JUDGE LOUIS H. POLLAK ), 08/15/97 ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS. (ar) (Entered: 08/15/1997) |
| 08/15/1997 | | ARREST Warrant issued as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN. (ar) (Entered: 08/15/1997) |
| 08/15/1997 | 323 | EX PARTE MOTION BY USA AS TO ADHAM ABUHOURAN, AKTHAM ABUHOURAN FOR REVOCATION OF BAIL , CERTIFICATE OF SERVICE. (ar) (Entered: 08/15/1997) |
| 08/18/1997 | 326 | Supplemental Sentencing Memorandum by USA as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN, Certificate of Service. (ar) (Entered: 08/18/1997) |
| 08/20/1997 | 331 | Minute entry as to AKTHAM ABUHOURAN dated 08/19/97: Sentencing continued until Thursday, August 21, 1997, at 2:00 P.M. (ar) (Entered: 08/21/1997) |

| 08/22/1997 | 332 | JUDGMENT AND ORDER OF FORFEITURE DATED 08/22/97, AS TO AKTHAM ABUHOURAN IN FAVOR OF THE UNITED STATES OF AMERICA AND AGAINST DEFENDANT AKTHAM ABUHOURAN, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 08/25/97 ENTERED AND COPIES MAILED. (ar) (Entered: 08/25/1997) |
|---|---|---|
| 08/22/1997 | | Sentencing HELD AKTHAM ABUHOURAN (4) count(s) 5, 20, 26, 27, 47, 48, 54 (ar) (Entered: 08/28/1997) |
| 08/26/1997 | 337 | Notice of Appeal by Filing Fee $ 105 copies to JUDGE LOUIS H. POLLAK , Clerk USCA, Appeals Clerk, and ROBERT A. ZAUZMER, AKTHAM ABUHOURAN. (ar) (Entered: 08/28/1997) |
| 08/26/1997 | 338 | Copy of Clerk's notice to USCA as to AKTHAM ABUHOURAN re: [337-1] appeal. (ar) (Entered: 08/28/1997) |
| 08/28/1997 | 341 | Minute entry as to AKTHAM ABUHOURAN dated 08/21/97: Sentencing continued until Friday, August 22, 1997, at 9:30 A.M. (ar) (Entered: 08/28/1997) |
| 08/28/1997 | 342 | Minute entry as to AKTHAM ABUHOURAN dated 08/22/97: Sentencing - on counts 5,20,26,27,47,48,54 - imprisonment for a term of 109 months to run concurrently; Supervised release for a period of 5 years; Restitution in the amount of $860,477.44; Mandatory special assessment of $350 is imposed. (ar) (Entered: 08/28/1997) |
| 08/29/1997 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to AKTHAM ABUHOURAN. (fdc) (Entered: 08/29/1997) |
| 08/29/1997 | 343 | Transcript witness testimony filed in case as to AKTHAM ABUHOURAN for date of 08/21/97. (ar) (Entered: 08/29/1997) |
| 08/29/1997 | 344 | Transcript of witness testimony filed in case as to AKTHAM ABUHOURAN for date of 08/22/97. (ar) (Entered: 08/29/1997) |
| 08/29/1997 | 345 | Rule 40 Documents as to AKTHAM ABUHOURAN received from EASTERN DISTRICT NEW YORK #97-M-1212 (RE: Violation Supv'd Release) (cmc) (Entered: 08/29/1997) |
| 08/29/1997 | | Notice of Docketing ROA from USCA as to AKTHAM ABUHOURAN Re: [337-1] appeal USCA Number: 97-1668 (ar) (Entered: 08/29/1997) |
| 09/03/1997 | 349 | JUDGMENT AKTHAM ABUHOURAN (4) count(s) 5 , 16 , 17 , 20 , 26 , 27 , 47 , 48 , 51 , 54 . IMPRISONMENT FOR A TERM OF 109 MONTHS TO RUN CONCURRENTLY; SUPERVISED RELEASE OF 5 YEARS; ASSESSMENT OF $350.00; RESTITUTION OF 1,860,477.44. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 09/05/97 ENTERED. (ar) (Entered: 09/05/1997) |
| 10/06/1997 | 358 | Judgment Returned Executed as to AKTHAM ABUHOURAN ; on 09/10/97. (ar) (Entered: 10/06/1997) |
| 10/23/1997 | 360 | Certification of Bridge View Bank in Response to Order of Forfeiture as |

| | | to AKTHAM ABUHOURAN (ar) (Entered: 10/23/1997) |
|---|---|---|
| 12/16/1997 | 368 | Certified Copy of Order Received from U.S. Court of Appeals that the CJA Form 23 financial affidavit from appellant pro se, AKTHAM ABUHOURAN, treated as a motion for appointment of counsel under the provisions of the CJA act is Granted. (jh) (Entered: 12/17/1997) |
| 01/29/1998 | 370 | Transcript filed in case as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 5/14/97 [337-1] appeal, [333-1] appeal. (rp) (Entered: 01/30/1998) |
| 01/29/1998 | 371 | Transcript filed in case as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 5/13/97 [337-1] appeal, [333-1] appeal. (rp) (Entered: 01/30/1998) |
| 01/29/1998 | 372 | Transcript filed in case as to HITHAM ABUHOURAN, ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 5/12/97 [337-1] appeal, [333-1] appeal. (rp) (Entered: 01/30/1998) |
| 04/07/1998 | 378 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/19/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 379 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/20/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 380 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/24/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 381 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/25/98 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 382 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/26/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 383 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 9/30/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 384 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/1/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 385 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/2/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 386 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/3/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |

| 04/07/1998 | 387 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/4/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
|---|---|---|
| 04/07/1998 | 388 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/7/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 389 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/8/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 390 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/9/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 391 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/10/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 392 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/15/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 393 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/16/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 394 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/17/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 395 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/21/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 396 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/22/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 397 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/24/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 398 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/25/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 399 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/28/96 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 400 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 10/29/96 [337-1] appeal, [333-1] appeal. |

| | | |
|---|---|---|
| | | (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 401 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 2/26/97 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/07/1998 | 402 | Transcript filed in case as to ADHAM ABUHOURAN, AKTHAM ABUHOURAN for dates of 8/22/97 [337-1] appeal, [333-1] appeal. (gn) (Entered: 04/08/1998) |
| 04/27/1998 | | Original record on appeal as to AKTHAM ABUHOURAN returned from USCA (not needed). (cmc) (Entered: 04/27/1998) |
| 04/29/1998 | 403 | Copy of TPO form in appeal as to AKTHAM ABUHOURAN [337-1] appeal (ar) (Entered: 04/30/1998) |
| 04/30/1998 | | RECORD COMPLETE FOR PURPOSES OF APPEAL as to AKTHAM ABUHOURAN. (fdc) (Entered: 04/30/1998) |
| 06/29/1998 | 404 | MOTION BY AKTHAM ABUHOURAN FOR RETURN OF PROPERTY RULE 41(e) , CERTIFICATE OF SERVICE. (ar) (Entered: 06/29/1998) |
| 07/08/1998 | 405 | Response by USA as to AKTHAM ABUHOURAN re: [404-1] MOTION FOR RETURN OF PROPERTY RULE 41(e), Certificate of Service. (ar) (Entered: 07/08/1998) |
| 07/08/1998 | 406 | MOTION BY USA AS TO AKTHAM ABUHOURAN FOR SUPPLEMENTAL JUDGMENT AND ORDER OF FORFEITURE , CERTIFICATE OF SERVICE. (ar) (Entered: 07/08/1998) |
| 07/22/1998 | 407 | Reply Brief by AKTHAM ABUHOURAN for Return of Property, Certificate of Service. (ar) (Entered: 07/22/1998) |
| 10/15/1998 | 408 | Letter by AKTHAM ABUHOURAN to Clerk of Court re: requesting return of bail deposit in the amount of $5,000. (ar) (Entered: 10/15/1998) |
| 01/04/1999 | 409 | Certified Copy of Order Returned from USCA as to AKTHAM ABUHOURAN that the certified judgment order issued in lieu of formal mandate on December 21, 1998, be and is hereby recalled. (ar) (Entered: 01/04/1999) |
| 01/11/1999 | 411 | JUDGMENT OF USCA (certified copy) as to AKTHAM ABUHOURAN Re: [337-1] appeal AFFIRMING JUDGMENT OF DISTRICT COURT ENTERED 08/25/97 (ar) (Entered: 01/11/1999) |
| 01/20/1999 | 412 | Letter by AKTHAM ABUHOURAN to Clerk's Office re: Return of Case bail deposit of $5,000. (ar) (Entered: 01/20/1999) |
| 01/20/1999 | 413 | Letter from Judge Louis H. Pollak as to AKTHAM ABUHOURAN responding to letter requesting return of $5,000 posted as bail. (ar) (Entered: 01/20/1999) |
| 01/28/1999 | 414 | MOTION BY AKTHAM ABUHOURAN TO RETURN BAIL DEPOSIT , CERTIFICATE OF SERVICE. (ar) (Entered: 01/28/1999) |

| 02/05/1999 | 415 | MOTION BY USA AS TO AKTHAM ABUHOURAN TO PAY RESTITUTION WITH BAIL MONEY , CERTIFICATE OF SERVICE. (ar) (Entered: 02/05/1999) |
| 02/05/1999 | 416 | Response by USA as to AKTHAM ABUHOURAN re: [414-1] MOTION TO RETURN BAIL DEPOSIT, Certificate of Service. (ar) (Entered: 02/05/1999) |
| 02/08/1999 | 417 | JUDGMENT OF USCA (certified copy) as to AKTHAM ABUHOURAN Re: AFFIRMING JUDGMENT OF THE DISTRICT COURT ENTERED AUGUST 25, 1997 (ar) (Entered: 02/09/1999) |
| 02/22/1999 | 418 | Reply by AKTHAM ABUHOURAN to Government's Opposition to MOTION TO RETURN BAIL MONEY, Certificate of Service. (ar) (Entered: 02/22/1999) |
| 08/05/1999 | 419 | Letter by AKTHAM ABUHOURAN re: Notice of Change of Address. (ar) (Entered: 08/05/1999) |
| 08/19/1999 | 420 | PRO-SE MOTION by AKTHAM ABUHOURAN TO REQUEST STATUS OF CASE , CERTIFICATE OF SERVICE. (ar) (Entered: 08/19/1999) |
| 08/19/1999 | 421 | ORDER DATED 08/18/99, AS TO AKTHAM ABUHOURAN GRANTING [415-1] MOTION TO PAY RESTITUTION WITH BAIL MONEY ( SIGNED BY JUDGE LOUIS H. POLLAK ), 08/20/99 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 08/20/1999) |
| 01/10/2000 | 424 | MOTION by AKTHAM ABUHOURAN TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255 , BRIEF IN SUPPORT. ( Civil Action # 00-125) (rs) (Entered: 01/10/2000) |
| 01/11/2000 | 425 | Response by USA as to AKTHAM ABUHOURAN re: [424-1] MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255, Memorandum, Certificate of Service. (ar) (Entered: 01/11/2000) |
| 01/21/2000 | 426 | PRO-SE MOTION BY AKTHAM ABUHOURAN FOR ENLARGEMENT OF TIME , CERTIFICATE OF SERVICE. (ar) (Entered: 01/21/2000) |
| 01/27/2000 | 427 | Reply by AKTHAM ABUHOURAN to Government's response to [424-1] MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255. (ar) (Entered: 01/27/2000) |
| 08/11/2000 | 436 | PRO-SE MOTION BY AKTHAM ABUHOURAN TO DISMISS INDICMENT AND/OR MOTION TO SUPPLEMENT MOTION TO VACATE SENTENCE (ar) (Entered: 08/11/2000) |
| 06/08/2001 | 443 | MEMORANDUM AND ORDER DATED 06/07/01, AS TO AKTHAM ABUHOURAN DENYING [436-1] MOTION TO DISMISS INDICMENT DENYING [436-2] MOTION TO SUPPLEMENT MOTION TO VACATE SENTENCE ( SIGNED BY JUDGE LOUIS H. |

| | | POLLAK ), 06/08/01 ENTERED AND COPIES MAILED AND FAXED BY CHAMBER 06/07/01. (ar) (Entered: 06/08/2001) |
|---|---|---|
| 07/12/2001 | 444 | OPINION AND ORDER DATED 07/12/01, AKTHAM ABUHOURAN DENYING [424-1] MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 07/13/01 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 07/13/2001) |
| 09/13/2001 | | PRO SE MOTION DEFENDANT AKTHAM ABUHOURAN for Certificate of Appealability, Certificate of Service. (ar) (Entered: 09/13/2001) |
| 09/13/2001 | 446 | Pro se Notice of Appeal by AKTHAM ABUHOURAN, Certificate of Service. copies to JUDGE LOUIS H. POLLAK , Clerk USCA, Appeals Clerk, and AKTHAM ABUHOURAN, ROBERT A. ZAUZMER (ar) (Entered: 09/13/2001) |
| 09/13/2001 | 447 | Copy of Clerk's notice to USCA as to AKTHAM ABUHOURAN re: [446-1] appeal. (ar) (Entered: 09/13/2001) |
| 09/14/2001 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to AKTHAM ABUHOURAN.(Pleadings # 96-100, 122, 129, 198-201, 207-210, 224, 228-230, 239-241, 286, 299, 412, 413, 427, 443, not included). (ke) (Entered: 09/14/2001) |
| 09/14/2001 | | Notice of Docketing ROA from USCA as to AKTHAM ABUHOURAN Re: [446-1] appeal USCA Number: 01-3516 (ar) (Entered: 09/14/2001) |
| 10/01/2001 | 448 | Certified Copy of Order from the USCA as to AKTHAM ABUHOURAN that the matter is remanded to the District Court for the sole purpose of either issuing a certficate of appealability or stating reasons why a certificate of appealability should not issue, etc. (ar) (Entered: 10/01/2001) |
| 10/01/2001 | | Record on Appeal as to AKTHAM ABUHOURAN returned from U.S. Court of Appeals: [446-1] appeal (ar) (Entered: 10/01/2001) |
| 01/22/2002 | 451 | PRO-SE MOTION BY HITHAM ABUHOURAN, AKTHAM ABUHOURAN TO CORRECT ORIGINAL JUDGMENT PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE , CERTIFICATE OF SERVICE. (ar) (Entered: 01/23/2002) |
| 02/01/2002 | 452 | Response by USA as to HITHAM ABUHOURAN, AKTHAM ABUHOURAN re: [451-1] MOTION TO CORRECT ORIGINAL JUDGMENT PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, Certificate of Service. (ar) (Entered: 02/01/2002) |
| 08/02/2002 | 454 | Letter by AKTHAM ABUHOURAN re: transfer to new location. (ar) (Entered: 08/05/2002) |
| 08/16/2002 | 455 | MEMORANDUM AND ORDER DATED 08/15/02, AS TO AKTHAM |

| | | |
|---|---|---|
| | | ABUHOURAN THAT THE DEFENDANT'S REQUEST FOR A CERTIFICATE OF APPEALABILITY IS DENIED, ETC. ( SIGNED BY JUDGE LOUIS H. POLLAK ), 08/19/02 ENTERED AND COPIES MAILED AND FAXED. (ar) (Entered: 08/19/2002) |
| 08/26/2002 | 456 | Notice of Appeal by BY AKTHAM ABUHOURAN. Copies to JUDGE LOUIS H. POLLAK, Clerk USCA, Appeals Clerk, and AKTHAM ABUHOURAN, ROBERT A. ZAUZMER (dt) (Entered: 08/27/2002) |
| 08/26/2002 | 457 | Copy of Clerk's notice to USCA as to AKTHAM ABUHOURAN re: [456-1] appeal . (dt) (Entered: 08/27/2002) |
| 08/28/2002 | | Notice of Docketing ROA from USCA as to AKTHAM ABUHOURAN Re: [456-1] appeal USCA Number: 02-3344 (ar) (Entered: 08/28/2002) |
| 09/10/2002 | 458 | Certified Copy of Order from USCA as to AKTHAM ABUHOURAN that the Motion for Leave to Proceed In Forma Pauperis is granted, etc. (ar) (Entered: 09/11/2002) |
| 09/11/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to AKTHAM ABUHOURAN.(Pleadings # 122, 129, 266, 286, 299, 412, 413, 424-426, 436, 443, 448, 451, 452, 454, not included. Pleadings # 96-100, 198-201, 207-210, 223, 224, 228-230, 239-241, included and are UNDER SEAL). (ke) (Entered: 09/11/2002) |
| 12/03/2002 | 462 | Supplemental Response as to HITHAM ABUHOURAN, AKTHAM ABUHOURAN re: [451-1] MOTION TO CORRECT ORIGINAL JUDGMENT PURSUANT TO 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, Certificate of Service. (sah) (Entered: 12/04/2002) |
| 12/12/2002 | 463 | Reply by HITHAM ABUHOURAN, AKTHAM ABUHOURAN to Govt's Supplemental response to [451-1] MOTION TO CORRECT ORIGINAL JUDGMENT PURSUANT TO 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, Cert. of Service. (jh) (Entered: 12/13/2002) |
| 12/13/2002 | 464 | MEMORANDUM AND ORDER DATED 12/12/02 AS TO AKTHAM ABUHOURAN GRANTING [406-1] MOTION FOR SUPPLEMENTAL JUDGMENT AND ORDER OF FORFEITURE AND DENYING [404-1] MOTION FOR RETURN OF PROPERTY AS TO AKTHAM ABUHOURAN. (SIGNED BY JUDGE LOUIS H. POLLAK), 12/13/02 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 12/13/2002) |
| 12/13/2002 | 465 | MEMORANDUM AND ORDER DATED 12/13/02 AS TO HITHAM ABUHOURAN AND AKTHAM ABUHOURAN THAT WITHIN THIRTY DAYS, HITHAM ABUHOURAN SUBMIT TO THIS COURT WITH A COPY TO AUSA ROBERT ZAUZMER, ESQ. A RECENT RECORD OF HIS PRISON ACCOUNT BALANCE AND A SIGNED STATEMENT LISTING HIS CURRENT ASSESTS. WITHIN THIRTY DAYS AKTHAM ABUHOURAN SUBMIT TO THIS COURT, WITH A COPY TO AUSA A RECENT RECORD OF HIS PRISON |

| | | |
|---|---|---|
| | | ACCOUNT BALANCE AND A SIGNED STATEMENT LISTING HIS CURRENT ASSESTS, ETC., WITH CONDITIONS. [451-1] DEFENDANT'S MOTION TO CORRECT ORIGINAL JUDGMENT PURSUANT TO 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE IS DENIED. (SIGNED BY JUDGE LOUIS H. POLLAK), 12/13/02 ENTERED AND COPIES MAILED AND FAXED. (lb) (Entered: 12/13/2002) |
| 01/07/2003 | 468 | PRO SE MOTION BY AKTHAM ABUHOURAN TO PROCEED IN FORMA PAUPERIS , AFFIDAVIT. (dt) (Entered: 01/08/2003) |
| 01/17/2003 | 471 | MEMORANDUM/ORDER OF 1/16/03 AS TO AKTHAM ABUHOURAN GRANTING [468-1] MOTION TO PROCEED IN FORMA PAUPERIS. (SIGNED BY JUDGE LOUIS H. POLLAK), 1/21/03 ENTERED AND COPIES MAILED AND FAXED. (dt) (Entered: 01/21/2003) |
| 01/24/2003 | 475 | PRO SE MOTION BY HITHAM ABUHOURAN, AKTHAM ABUHOURAN TO PROCEED IN FORMA PAUPERIS , CERTIFICATE OF SERVICE. (dt) (Entered: 01/24/2003) |
| 01/24/2003 | 478 | Notice of Appeal by AKTHAM ABUHOURAN. Filing Fee $ IFP PENDING. Copies to JUDGE LOUIS H. POLLAK , Clerk USCA, Appeals Clerk, and ROBERT A. ZAUZMER (dt) (Entered: 01/24/2003) |
| 01/24/2003 | 479 | Copy of Clerk's notice to USCA as to AKTHAM ABUHOURAN re: [478-1] appeal . (dt) (Entered: 01/24/2003) |
| 01/27/2003 | | Notice of Docketing ROA from USCA as to AKTHAM ABUHOURAN Re: [478-1] appeal USCA Number: 03-1242 (cmc) (Entered: 01/27/2003) |
| 01/31/2003 | | Record on Appeal as to AKTHAM ABUHOURAN returned from U.S. Court of Appeals: [456-1] appeal, [446-1] appeal (dt) (Entered: 01/31/2003) |
| 02/03/2003 | 480 | Certified Copy of Order Returned from U.S.C.A. Third Circuit as to Aktham Abuhouran that The foregoing request for a certificate of appealability in the appeal docketed at 01-3516 is denied because the appellant has failed to make a substantial showing of the denial of a constitutional right. We agree with the Disitrict Court that the appellant's claims lack the merit and note, in addition that his challenge to the indictment is likely waived because he did not present it on direct appeal. the appeal docketed at 02-3344 is dismissed as moot. the motions for appointment of counsel and to expedite are denied. (dt) (Entered: 02/03/2003) |
| 04/14/2003 | 481 | Certified Copy from U.S.C.A. Third Circuit as to AKTHAM ABUHOURAN that the Motion by Appellant to Recall the Mandate which may be construed as a Motion to Reopen the Case. Response by Appellee to Motion to Recall the Mandate, Reply by Appellant. It is Ordered that the Motion is Denied. (dt) (Entered: 04/14/2003) |
| 05/22/2003 | 484 | MEMORANDUM & ORDER OF 5/21/03 AS TO HITHAM |

| | | ABUHOURAN, AKTHAM ABUHOURAN DENYING [475-1] MOTION TO PROCEED IN FORMA PAUPERIS. (SIGNED BY JUDGE LOUIS H. POLLAK) 5/22/03 ENTERED AND COPIES MAILED. (cmc) (Entered: 05/22/2003) |
|---|---|---|
| 06/05/2003 | 485 | Certified Copy of Order from U.S.C.A.Third Circuit that the Above entitled case, it is entered Dismissed by The Clerk Under the Authority Conferred Upon Her by Rule 42(B), Federal Rule of Appellate Procedure as to Defendants Aktham Abuhouran, Hitham Abuhouran. (dt) (Entered: 06/06/2003) |
| 07/08/2003 | 486 | Certified Copy of Order from USCA (03-2646) that foregoing application by DEFT AKTHAM ABUHOURAN (4) IS DENIED as petitioners claims fail to meet the standards for filing a second or successive Motion under 28 USC 2255, Etc. (cmc) (Entered: 07/08/2003) |
| 05/25/2004 | 491 | MOTION TO MODIFY OR CORRECT AN IMPOSED TERM OF IMPRISONMENT, PURSUANT TO 18 U.S.C. 3582 (c)(2), CERTIFICATE OF SERVICE BY AKTHAM ABUHOURAN. (jcz, ) (Entered: 05/25/2004) |
| 05/29/2004 | 492 | Govt. RESPONSE to [491], [490] MOTIONS to Modify ro correct an imposed term of imprionsment pursuant to 18 USC 3582(c)(2), Cert. of Service as toi DEFTS HAITHAM ABUHOURAN AND AKTHAM ABUHOURAN. (ZAUZMER, ROBERT) Modified on 6/1/2004 (cmc). (Entered: 05/29/2004) |
| 06/18/2004 | 493 | PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO MODIFY OR CORRECT AN IMPOSED TERM OF IMPRISMENT PURSUANT TO 18 USC 3582(c)(2), CERTIFICATE OF SERVICE BY HITHAM ABUHOURAN, AKTHAM ABUHOURAN. RE: [491] MOTION TO MODIFY [490] MOTION TO MODIFY. (jcz, ) (Entered: 06/18/2004) |
| 07/30/2004 | 494 | Letter datd 7/18/04 to JUDGE POLLACK by AKTHAM ABUHOURAN (Pro Se) re: Issues raised in light of "BLAKELY v. WASHINGTON" Decision.(cmc) (Entered: 07/30/2004) |
| 07/30/2004 | 495 | EMERGENCY LETTER MOTION by AKTHAM ABUHOURAN (Pro Se) dated 7/27/04 FOR LEAVE TO FILE A SECOND OR SUCCESSIVE 2255 MOTION IN LIGHT OF "BLAKELY v. WASHINGTON" DECISION.(cmc) (Entered: 07/30/2004) |
| 07/30/2004 | 496 | ORDER THAT [495] LETTER MOTION by AKTHAM ABUHOURAN (Pro Se) dated 7/27/04 FOR LEAVE TO FILE A SECOND OR SUCCESSIVE 2255 MOTION IN LIGHT OF "BLAKELY v. WASHINGTON" DECISION as to AKTHAM ABUHOURAN (4) IS DENIED WITHOUT PREJUDICE. Signed by Judge LOUIS H. POLLAK on 7/30/04.7/30/04 ENTERED AND COPIES MAILED.(cmc) (Entered: 07/30/2004) |
| 08/11/2004 | 497 | OPINION & ORDER THAT [491] MOTION TO MODIFY OR CORRECT AN IMPOSED TERM OF IMPRISONMENT, PURSUANT |

| | | TO 18 U.S.C. 3582 (c)(2) as to AKTHAM ABUHOURAN (4) IS DENIED. Signed by Judge LOUIS H. POLLAK on 8/9/04.8/11/04 ENTERED AND COPIES MAILED.(cmc) (Entered: 08/11/2004) |
|---|---|---|
| 08/11/2004 | 498 | ORDER AS TO AKTHAM ABUHOURAN THAT ATTORNEY JERRY S. GOLDMAN IS APPOINTED AS COUNSEL FOR THIS DEFT FOR PURPOSE OF SEEKING TO LEAVE TO FILE, IF LEAVE IS GRANTED, FILING A SECOND PETITION FOR WRIT OF HABEAS CORPUS UNDER 28:2244 AND 2255. Signed by Judge LOUIS H. POLLAK on 8/11/04.8/11/04 Entered and Copies Mailed. (cmc) (Entered: 08/11/2004) |
| 08/17/2004 | 500 | CJA 20 AS TO AKTHAM ABUHOURAN APPOINTMENT OF ATTORNEY JERRY S. GOLDMAN FOR AKTHAM ABUHOURAN . Signed by Judge LOUIS H. POLLAK on 8/11/04.8/17/04 Entered. (ke) (Entered: 08/17/2004) |
| 11/15/2004 | 502 | MOTION for Judgment of Forfeiture *AND FINAL ORDER OF FORFEITURE AND CERTIFICATE OF SERVICE* by USA as to AKTHAM ABUHOURAN. (Attachments: # 1 Exhibit A)(ZAUZMER, ROBERT) (Entered: 11/15/2004) |
| 01/11/2005 | 503 | JUDGMENT AND FINAL ORDER OF FORFEITURE AS TO AKTHAM ABUHOURAN . Signed by Judge LOUIS H. POLLAK on 1/10/05.1/11/05 Entered and Copies Mailed. (jcz) (Entered: 01/11/2005) |
| 06/24/2005 | 513 | MOTION TO VACATE/SET ASIDE/CORRECT SENTENCE (2255) UNDER 28 U.S.C. 2255, MEMORANDUM IN SUPPORT AND CERTIFICATE OF SERVICE BY AKTHAM ABUHOURAN. (CIVIL ACTION 05-3029) (jcz, ) (Entered: 06/24/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/02/2005 15:14:03 | | | |
| **PACER Login:** | us6149 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:95-cr-00560-LP |
| **Billable Pages:** | 20 | **Cost:** | 1.60 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HITHAM ABUHORAN and AKTHAM ABUHOURAN,    :
    Plaintiffs,                              :
                                          :        CIVIL ACTION
    v.                                 :
                                          :        No. 03-3091
R.L. MORRISON, et al.                    :
    Defendants.                           :
                                          :

## MEMORANDUM AND ORDER

YOHN, J.                                                                    September _____, 2005

Plaintiffs, brothers Hitham and Aktham Abuhouran, who are currently incarcerated at the

Federal Correctional Institution ("FCI") in Elkton, Ohio and the Federal Medical Center in

Devens, Massachusetts, bring this *pro se Bivens* suit[1] against various employees of the Federal

Bureau of Prisons ("BOP")[2] in their official and individual capacities.[3] They charge that

---

[1]Although plaintiffs filed this suit under 42 U.S.C. § 1983, because § 1983 does not
authorize suits against federal officials, I will treat plaintiffs' claims as if they were brought
pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.
388 (1971), which established a direct cause of action against federal officials for violations of
the federal constitution.

[2]Plaintiffs amended complaint names the following seventeen defendants: (1) Gary Buck,
a counselor at FCI McKean, Pennsylvania, (2) Dan Schneider, a unit manager at FCI McKean,
(3) Bernie Ellis, the warden of FCI McKean, (4) Jack Richmond, a unit manager at FCI
Allenwood, Pennsylvania, (5) Mark Potova, a case manager at FCI Allenwood, (6) Tammy True,
a case manager at FCI Allenwood, (7) William Fink, a counselor at FCI Allenwood, (8) Michael
Zenk, the former warden of FCI Allenwood, (9) Susan Gerlinski, the warden of the Low Security
Correctional Institution ("LSCI") in Allenwood, (10) William Campbell, a unit manager at LSCI
Allenwood, (11) Tracy Johns, the former warden of LSCI Loretto, Pennsylvania, (12) Don
Swanson, a unit manager at LSCI Loretto, (13) R.L. Morrison, the former warden of FCI Elkton,
(14) Ralph Montalvo, the assistant warden at FCI Elkton, (15) Lynn Harper, manager of Inmate
Systems Management at FCI Elkton, (16) Ernest Chandler, the former warden of the Federal
Detention Center ("FDC") in Philadelphia, (17) and Edward Motley, the warden of FDC
Philadelphia.

[3]Plaintiffs do not indicate whether they intend to sue defendants in their official or

defendants violated their rights under the First and Fifth[4] Amendments of the United States

constitution by (1) imposing "separation" assignments on plaintiffs, (2) restricting plaintiffs'

correspondence between each other and third parties, (3) and by requiring plaintiffs, who are

natives of Jordan and speak Arabic,[5] to correspond solely in English. They seek money damages[6]

and an injunction permitting plaintiffs to correspond with each other and their relatives in Arabic,

and ordering the BOP to house plaintiffs in the same housing unit. Presently before the court is

defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), or, in the alternative, for summary judgment under Rule 56(c). Defendants

contend that plaintiffs failed to exhaust their administrative remedies, that the plaintiffs failed to

personally serve defendants with the complaint, and that plaintiffs' allegations fail to state a

---

individual capacities. Nonetheless, because plaintiffs seek injunctive relief voiding the BOP's
housing and correspondence restrictions, and money damages against the individual officers, I
will assume that plaintiffs intend to sue defendants in both their official and individual capacities.
*See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive
relief from official policies or customs, the defendant has been sued in her official capacity;
where the plaintiff alleges tortious conduct of an individual acting under color of state law, the
defendant has been sued in her individual capacity.")

[4]Plaintiffs assert that their due process and equal protection claims arise under the
Fourteenth Amendment. However, because the Fourteenth Amendment applies only to state
actors, I will assume that plaintiffs' claims arise under the due process clause of the Fifth
Amendment, which governs due process and equal protection violations by the federal
government. *See Richmond v. J. A. Croson Co.*, 488 U.S. 469, 560 (1989) (observing that "the
content of the Equal Protection Clause [has been] substantially applied to the Federal
Government through the Due Process Clause of the Fifth Amendment.")

[5]Because plaintiffs have filed various *pro se* legal memoranda in English, it is apparent
that plaintiffs are capable of reading and writing in English.

[6]In the original complaint, plaintiffs only sought injunctive relief. However, in their
second reply brief, plaintiffs, for the first time, assert that they are seeking money damages.
Because plaintiffs are proceeding *pro se*, I will treat the allegations raised in their reply as if they
had been raised in an amended complaint, and I will permit plaintiffs to pursue their damages
claims.

2

claim upon which relief can be granted. For the reasons set forth below, I will grant the motion.

## I.    BACKGROUND[7]

On October 3, 1995, plaintiffs Hitham and Aktham Abuhouran were indicted along with

five other co-conspirators, including their brother Adham and their sister Adma, for their role in a

complicated scheme to defraud a local bank. In September 1996, plaintiff Hitham and his sister

Adma pled guilty in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff Aktham and his brother Adham chose to proceed to trial where they were convicted by a

jury on October 29, 1996.

On May 2, 1997, before plaintiffs could be sentenced,[8] Hitham, Aktham, and Adham

were arrested under suspicion of conspiring to deposit counterfeit checks. Aktham and Adham

were eventually released on electronic monitoring, but Hitham, who allegedly orchestrated the

counterfeit check scheme, remained in federal custody. Sentencing for the three brothers on the

bank fraud charges was scheduled for August 1997. However, on August 14, 1997, Aktham,

Adham, and Adma abandoned their electronic monitoring bracelets and attempted to flee the

country. Authorities apprehended Aktham that night at John F. Kennedy Airport in New York.

Adham and Adma managed to elude authorities and are currently fugitives believed to be living

---

[7]I have assembled the following facts from the allegations in plaintiffs' amended
complaint, affidavits and other documents submitted by both parties on the exhaustion issue, and
from prior judicial opinions that describe plaintiffs' and their siblings' criminal histories. *See
United States v. Abuhouran*, 119 Fed. Appx. 402, 402–04 (3d Cir. 2005) (non-precedential);
*United States v. Abuhouran*, No. 95-560, U.S. Dist. LEXIS 24723, *1–*2 (E.D. Pa. Dec. 12,
2002); *United States v. Abuhouran*, No. 01-629, 2002 U.S. Dist. LEXIS 22905, *1–*2 (E.D. Pa.
Nov. 26, 2002).

[8]Adma was sentenced to four months home detention on March 24, 1997.

3

in Jordan.[9]

In August 1997, Hitham and Aktham were sentenced to 188 months and 109 months in prison for their role in the bank fraud. Initially, plaintiffs were both incarcerated at FCI Fort Dix, New Jersey. However, beginning on March 19, 1998, plaintiffs have been housed in separate BOP facilities. Apparently, plaintiffs were given "separation" assignments pursuant to the Central Inmate Monitoring program ("CIM")[10] at the behest of the United States attorney due to the government's ongoing investigation into plaintiffs' criminal conduct. (Pls.' Reply to Defs.' Mot. at 11.) Inmates with "separation assignments" "may not be confined in the same institution (unless the institution has the ability to prevent any physical contact between the separatees) with other specified individuals who are presently housed in federal custody . . . ." 28 C.F.R. § 524.72.

In June 1998, while Hitham was incarcerated at FCI McKean, Pennsylvania, and Aktham was housed at FCI Allenwood, Pennsylvania, Hitham filed an administrative request seeking permission to correspond with Aktham. (Certification of Darrin Howard dated September 10, 2004 ("September 2004 Howard Certification") at ¶ 12.) The request was denied by officials at FCI McKean. (*Id.*) Hitham appealed the decision to the BOP's Northeast Regional Office, which overruled FCI McKean and granted Hitham's request in part.[11] (*Id.* at ¶ 13.) Although

---

[9]According to plaintiffs' latest brief, Adma has recently returned to the United States, and was sentenced to seven months for fleeing the country while in federal custody. (Pls.' Second Reply to Defs.' Mot at 13.)

[10]Inmates who "present special needs for management" and require "a higher level of review" are designated CIM cases. 28 C.F.R. § 524.70.

[11]Hitham subsequently appealed the Regional Office's partial denial to the BOP's Central Office, which upheld the prior decision. (September 2004 Howard Certification at ¶ 14.) Neither party has described the specifics of the Regional Office's decision, but apparently,

4

plaintiffs were permitted to correspond with each other following the Regional Office's decision,

they contend that various employees at FCI McKean and FCI Allenwood[12] required plaintiffs to

correspond solely in English because they were angered by the decision of the Regional Office.

(Am. Compl. at 2.)

On August 30, 2001, while Hitham was housed at FCI Elkton, and Aktham was housed at

FCI Ray Brook, New York, Hitham filed an administrative request with his institutional

counselor seeking permission to correspond with Aktham. (Ex. D to Def.'s Reply to Pl.'s Mot.

for Summ. J.) There is no evidence that FCI Elkton responded to this request. However, on

October 10, 2001, defendant Morrison, the warden of FCI Elkton at the time, imposed new[13]

restrictions on plaintiffs' correspondence. Morrison prohibited Hitham from corresponding by

mail with Aktham, Adham, Adma, and Anna Kennedy, a friend living in Rhode Island. (Ex. E to

Pls.' Reply to Defs.' Mot.) Morrison also required Hitham to leave all outgoing correspondence

unsealed and to "conduct all written correspondence in English." (*Id.*) In a memorandum

describing the new restrictions, Morrison explained that because Adham and Adma had been

"identified as leaving the country with a criminal charge/warrant in place," because Hitham had

used a "third person" to correspond with Aktham, and because Hitham's previous

correspondence with his siblings "ha[d] been identified as containing coded language," Hitham's

"continued correspondence with these individuals [was] a continuing security risk and a threat to

---

plaintiffs were permitted to correspond with each other following the Regional Office's decision.

[12]Specifically, plaintiffs allege that defendants Buck, Ellis, Schneider, Richmond, True, Fink, Gerlinski, and Campbell conspired to impose the 1998 "English only" requirement on plaintiffs. (Am. Compl. at 2–4.)

[13]In their amended complaint, plaintiffs characterize the restrictions imposed by defendant Morrison as "whole new restriction[s]." (Am. Compl. at 5.)

5

the orderly running of the institution."[14]  (*Id.*)

Plaintiffs allege that Morrison and two other employees at FCI Elkton[15] conspired with

the other named defendants to impose these restrictions on plaintiffs in violation of their First

and Fifth Amendment rights.  (Am. Compl. at 4.)  Plaintiffs contend that the restrictions are

racially motivated and violate their right to equal protection under the law.[16]  According to

plaintiffs, "most of the defendants" made discriminatory remarks to plaintiffs such as, "This is

America.  Why should you speak any other language?  This is not Arabia."  (Am. Compl. at 6.)

Further, defendants allegedly threatened to place plaintiffs in segregation if they attempted to

correspond in Arabic.  (*Id.*)

At the conclusion of Morrison's memorandum describing the new correspondence

restrictions, he advised Hitham that if he disagreed with the restrictions, he could file an

administrative complaint through the BOP's "Administrative Remedy Program." (Ex. E to Pls.'

Reply to Defs.' Mot.)  Between November and December 2001, Hitham filed three

administrative complaints challenging the correspondence restrictions.  (September 2004 Howard

---

[14]At first glance, these correspondence restrictions only appear to affect Hitham's
constitutional rights.  Nonetheless, in *Nadir v. Morgan*, 350 F.3d 366, 369 n.3 (3d Cir. 2003), the
Third Circuit permitted a prisoner to raise the First Amendment rights of a former prisoner with
whom the current prisoner was prohibited from corresponding because the Supreme Court's
decision in *Procunier v. Martinez*, 416 U.S. 396, 408–09 (1974), "suggests that a total ban on
correspondence between two people implicates the First Amendment rights of both in a way that
is inextricably intertwined."  Here, because FCI Elkton's regulations substantially restrict
correspondence between Hitham and Aktham, I will assume that these provisions also implicate
Aktham's constitutional rights.

[15]Defendants Harper and Montalvo also allegedly conspired with Morrison to restrict
plaintiffs' correspondence.  (Am. Compl. at 4.)

[16]Although plaintiffs do not explicitly invoke equal protection, I will assume that
plaintiffs' claims alleging racial discrimination arise under the equal protection component of the
Fifth Amendment.

6

Certification at ¶ 15.) However, all three complaints were filed with the BOC's Northeast

Regional Office, instead of Hitham's designated institution, FCI Elkton, as required by BOP

regulations. *See* 28 C.F.R. § 542.14(c) (providing that inmates shall submit "formal written

Administrative Remedy Request[s]" to "the *institution* staff member designated to receive such

Requests . . . .") (emphasis added). All of Hitham's complaints were rejected for failure to

comply with administrative procedure, and Hitham was instructed to resubmit his requests with

FCI Elkton. (September 2004 Howard Certification at ¶ 15; Ex. I to Pls.' Reply to Defs.' Mot.)

There is no evidence that Hitham ever resubmitted the complaints through FCI Elkton.

On January 5, 2002, Hitham filed a petition for writ of habeas corpus under 28 U.S.C. §

2241 in the United States District Court for the Northern District of Ohio challenging FCI

Elkton's correspondence restrictions. The court dismissed the petition because such challenges

to conditions of confinement may only be raised in a civil rights suit under *Bivens*. *See*

*Abuhouran v. R.L. Morrison*, 46 Fed. Appx. 349, 349 (6th Cir. 2002) (non-precedential)

(upholding the district court's determination).

On April 25, 2002, plaintiffs were indicted for their role in the counterfeit check scheme.

On August 13, 2002, both plaintiffs were transferred to the Federal Detention Center ("FDC") in

Philadelphia to await trial on these charges.[17] FDC Philadelphia continued to keep plaintiffs in

separate housing units pursuant to their "separation" assignments. Plaintiffs allege that

defendants Ernest Chandler and Edward Motley, the former and current wardens of FDC

Philadelphia, violated plaintiffs' constitutional rights by failing to remove the "separation"

---

[17]Plaintiffs eventually pled guilty to these charges on March 26 and 27, 2003. Hitham
was sentenced to 60 months in prison for his role in the scheme, and Aktham was sentenced to
42 months in prison.

assignments and the correspondence restrictions. (Am Compl. at 6.)

On November 12, 2002, Aktham filed an administrative complaint with FCI Ray Brook, New York, his designated institution,[18] challenging the "separation" assignments. (September 2004 Howard Certification at ¶ 6.) The complaint was denied on December 13, 2002. (*Id.*) On January 11, 2003, Aktham appealed the decision to the BOP's Northeast Regional Office, which upheld FCI Ray Brook's decision. (*Id.* at ¶ 7.) On February 21, 2003, Aktham appealed to the BOP's Central Office, which also rejected his complaint. (*Id.* at ¶ 8.)

On May 14, 2003, while plaintiffs were housed at FDC Philadelphia, they filed this *Bivens* action against defendants Morrison and Chandler seeking injunctive relief. The court granted plaintiffs leave to proceed *in forma pauperis* on July 7, 2003. On May 6, 2004, plaintiffs filed an amended complaint naming fifteen additional defendants.

On September 29, 2004, defendants filed the instant motion to dismiss, or, alternatively, for summary judgment. When plaintiffs failed to file a timely response after several extensions of time, the court granted the motion and dismissed the amended complaint on May 10, 2005. Three days later, Hitham filed a response and the court vacated the prior order and reinstated the case. Defendants filed a consolidated reply on June 30, 2005, and plaintiffs filed their reply thereto on July 25, 2005.

Since plaintiffs filed the initial complaint, Hitham has been transferred back to FCI Elkton, and Aktham has been transferred to the Federal Medical Center in Devens,

---

[18]Although Aktham was detained at FDC Philadelphia at the time, because he was assigned to FCI Ray Brook, that was the proper institution to hear his administrative complaint. Apparently, Aktham initially filed with FDC Philadelphia, but then properly filed with FCI Ray Brook after his initial complaint was rejected for failure to comply with the administrative remedy procedure.

Massachusetts, where he is receiving treatment for a medical condition.

## II.   STANDARD OF REVIEW

Defendants have styled their motion as a motion to dismiss, or, alternatively, as a motion

for summary judgment. Ordinarily, a court will convert a motion to dismiss into a motion for

summary judgment if it considers evidence beyond the complaint. *Anjelino v. New York Times

Co.*, 200 F.3d 73, 88 (3d Cir. 2000) (citing Fed. R. Civ. P. 12(c)). Here, both plaintiffs and

defendants have submitted affidavits in response to defendants' claim that plaintiffs failed to

exhaust their administrative remedies as required by the Prison Litigation Reform Act of 1995

("PLRA"). The parties have not submitted any extraneous material with respect to defendants'

other grounds for dismissal. In *Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir. 2000), the Third

Circuit converted the defendant prison guards' motion to dismiss for failure to exhaust

administrative remedies into a motion for summary judgment because the court considered the

declaration of a prison employee to resolve the issue. *See also Greer v. Smith*, 59 Fed. Appx.

491, 492 (3d Cir. 2003) (non-precedential) (vacating a district court's order dismissing a

prisoner's complaint for failure to exhaust administrative remedies because the court relied on

representations made in the defendants' affidavit, and failed to convert the motion into a motion

for summary judgment). Similarly, here, because I will consider the parties' affidavits to resolve

defendants' exhaustion argument, I will treat this portion of defendants' motion as a motion for

summary judgment under Federal Rule of Civil Procedure 56(c).[19] *See Steele v. Fed. Bureau of*

---

[19]"It is . . . well-established that prior to converting a motion to dismiss into a motion for
summary judgment, the district court must provide adequate notice to the parties." *Hilfirty v.
Shipman*, 91 F.3d 573, 578 (3d Cir. 1996) (citations omitted); *see also* Fed. R. Civ. P. 12(b)
(providing that upon the conversion of a motion to dismiss into a motion for summary judgment

9

*Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003) (observing that when a factual dispute precludes

resolution of an exhaustion issue under Federal Rule of Civil Procedure 12(b)(6), "[a] motion for

summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust

would then be appropriate."); *Taylor v. N.Y. State Dep't of Corr.*, No. 03-1929, 2004 U.S. Dist.

LEXIS 25795, at *10 (S.D.N.Y. Dec. 22, 2004) ("When a defendant submits evidence outside

the pleadings to demonstrate that plaintiff has not exhausted his administrative remedies . . ., the

Court may treat that part of the motion as one for summary judgment . . . ."). Because neither

party has submitted any material outside of the pleadings with respect to defendants' other

grounds for dismissal, I will review the balance of the motion under a motion to dismiss standard

of review.

## III.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

As I described above, I will convert defendants' motion to dismiss into a motion for

summary judgment for the limited purpose of resolving defendants' exhaustion argument. A

court may only grant a motion for summary judgement, "if the pleadings, depositions, answers to

---

"all parties shall be given reasonable opportunity to present all material made pertinent to such a
motion by Rule 56."). In *Hilfirty*, the court found that the plaintiff had adequate notice that the
district court would convert the defendants' motions to dismiss into motions for summary
judgment because two of the five motions to dismiss were framed in the alternative as motions
for summary judgment, and because the plaintiff had over eight months to respond to these
motions. *Id.* at 578–79. Here, defendants also framed their motion in the alternative as a motion
for summary judgment. Plaintiffs have had nearly a year to present appropriate material in
response to defendants' motion, which was originally filed in September 2004. Further, in
plaintiffs' second reply brief, they have submitted an affidavit, which may only be considered on
a motion for summary judgment. For these reasons, I find that plaintiffs had sufficient notice that
defendants' motion might be treated as one for summary judgment, and had an adequate
opportunity to respond with appropriate materials.

10

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 743 (3d Cir. 1996) (citation omitted).

When a court evaluates a motion for summary judgment, "[t]he evidence of the non-movant is to be believed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[a]ll justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Ideal Dairy*, 90 F.3d at 744 (citation omitted). However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

The PLRA requires prisoners to exhaust "such administrative remedies as are available" before challenging prison conditions in court. 42 U.S.C. § 1997e(a). This requirement "applies equally to § 1983 actions and to *Bivens* actions." *Nyhuis v. Reno*, 204 F.3d 65, 68 (3d Cir. 2000)

11

(citation omitted). To comply with the PLRA's exhaustion requirement, prisoners must exhaust all available administrative remedies. *Id.* at 75; *see also Murphy v. Kearney*, No. 03-554, 2004 U.S. Dist. LEXIS 7079, at \*8–\*9 (D. Del. Apr. 19, 2004) ("To exhaust all available administrative remedies, a prisoner must complete all stages of review or take part in the appeals process."). Further, in the Third Circuit, a prisoner must *properly* exhaust his remedies by following the procedural rules governing his prison's grievance process. *See Spruill v. Gillis*, 372 F.3d 218, 231–32 (3d Cir. 2004) (observing that prisoner procedural defaults should be governed by "the applicable prison grievance system."); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). If a prisoner fails to properly exhaust administrative remedies, and the prison's procedural rules bar the prisoner from seeking further relief, the claim is procedurally defaulted, and federal courts may not reach its merits.[20] *See Spruill*, 372 F.3d at 230 (3d Cir. 2004) ("We believe that Congress's policy objectives will be . . . better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.").

---

[20]The Seventh and Tenth Circuits have also interpreted the PLRA's exhaustion requirement to include a procedural default component. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) ("The PLRA, like 28 U.S.C. § 2254, contains a procedural default concept within its exhaustion requirement."); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In contrast, the Sixth and Ninth Circuits have determined that "the PLRA's exhaustion requirement does not bar subsequent judicial consideration of an exhausted administrative appeal that was denied on state procedural grounds." *Ngo v. Woodford*, 403 F.3d 620, 631 (9th Cir. 2005); *see also Thomas v. Woolum*, 337 F.3d 720, 723 (6th Cir. 2003) ("We hold that so long as an inmate presents his or her grievance to prison officials and appeals through available procedures, the inmate has exhausted his or her administrative remedies, and a prison's decision not to address the grievance because it was untimely under prison rules shall not bar the federal suit.").

12

The BOP's administrative remedy procedure provides for three levels of formal review.[21]
*See* 28 C.F.R. 542.10–542.19. First, a prisoner must file a formal written administrative request
with his designated institution[22] within "20 calendar days following the date on which the basis
for the Request occurred." 28 C.F.R. §§ 542.14. If the prisoner is not satisfied with the
institution's response, he may submit an appeal with the appropriate Regional Office. 28 C.F.R.
§ 542.15(a). A prisoner may appeal the Regional Office's response to the Central Office. *Id.*

Defendants contend that plaintiffs never properly exhausted their administrative remedies
with respect to their challenge to the BOP's correspondence restrictions. Although plaintiffs
allege that the 1998 "English only" restrictions imposed by officials at FCI McKean and FCI
Allenwood violated their constitutional rights, they never challenged these restrictions through
the BOP's grievance process.[23] Because plaintiffs are no longer housed at either of these
institutions, and because these restrictions have been replaced by the 2001 restrictions adopted at
FCI Elkton, any attempt to challenge these restrictions, or the conduct of officials in connection
with these restrictions, would be time-barred pursuant to 28 C.F.R. § 542.14(a)'s twenty-day time
limit for administrative grievances. Because plaintiffs are procedurally barred from raising any
claim in connection with the 1998 correspondence restrictions, these claims are procedurally

---

[21]Under the regulations governing the BOP's remedy process, before prisoners may file a
formal grievance, they must "first present an issue of concern informally to staff." 28 C.F.R. §
542.13. The informal remedy process is not at issue here.

[22]The regulations provide four limited exceptions to the requirement that prisoners must
initially file grievances with their designated institution. *See* 28 C.F.R. § 542.13(d). Plaintiffs do
not contend that any of these exceptions apply here.

[23]Hitham's appeal to the BOP's Central Office dated August 31, 1998 does not reference
the "English only" policy. (See Ex. A to Pls.' Reply to Defs.' Mot.)

defaulted, and I will dismiss these claims with prejudice.[24]  *See Spruill*, 372 F.3d at 230.

Defendants also argue that plaintiffs have failed to properly exhaust their challenge to the 2001 correspondence restrictions. Hitham filed three administrative complaints challenging these restrictions between November and December 2001.[25]  However, he filed all three complaints with the BOP's Northeast Regional Office, instead of his designated institution as required by 28 C.F.R. § 542.14(c). The Regional Office rejected all of Hitham's complaints for failure to comply with administrative procedure and clearly instructed him to resubmit his requests with FCI Elkton. However, there is no evidence that Hitham ever resubmitted the complaints through FCI Elkton. (*See* Ex. I to Pls.' Reply to Defs.' Mot.)

In an affidavit accompanying plaintiffs' second reply brief, Hitham asserts that officials at FCI Elkton are responsible for any deficiencies in his administrative proceedings because he "personally handed" administrative grievance forms to his "Unit Team," and "fully relied" on their assistance to exhaust his administrative remedies. (Ex. C to Pl.'s Second Reply to Def.'s Mot. for Summ. J.)  Even if I view this evidence in the light most favorable to plaintiffs, which I must do for the purposes of this motion, it does not create a genuine issue of material fact, or excuse Hitham's failure to properly exhaust his administrative remedies. The BOP rejected Hitham's administrative complaints because he erroneously directed his complaints to the regional office. Prisoners themselves determine where their complaints are directed by filling out

---

[24]Even if plaintiffs properly exhausted their claim for injunctive relief voiding the 1998 "English only" correspondence restrictions, this claim would be moot because plaintiffs concede that these restrictions have been replaced by the 2001 restrictions. *See N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) ("The doctrine of mootness requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

[25]There is no evidence that Aktham ever challenged these restrictions.

14

the remedy forms that correlate with the appropriate level of review. Hitham does not contend

that his "Unit Team" completed the grievance forms for him, and thus, they cannot be

responsible for his failure to submit his requests with the appropriate administrative decision-

maker.

Although plaintiffs have clearly failed to properly exhaust their administrative remedies

with respect to the 2001 correspondence restrictions, they are not procedurally barred from

challenging these restrictions in another administrative request. Because the 2001 restrictions

remain in place, plaintiffs are not affected by 28 C.F.R. § 542.14(a)'s twenty-day time limit, and

they may file a new grievance with the BOP at any time.[26] For these reasons, I will grant

defendants' motion for summary judgment with respect to plaintiffs' challenge to the 2001

correspondence restrictions, and I will dismiss these claims without prejudice. *See Blackwell v.*

*Vaughn*, No. 97-3467, 2001 U.S. Dist. LEXIS 10893, at \*4–\*5 (E.D. Pa. July 3, 2001) ("On a

motion for summary judgment, all unexhausted claims will be dismissed under the PLRA.")

(citations omitted).

Defendants concede that Aktham exhausted his administrative remedies with respect to

plaintiffs' "separation" assignments.[27] (Defs.' Br. in Supp. of Mot. at 19.) Consequently, I will

consider the merits of these claims.[28]

---

[26]Of course, the time limit may bar plaintiffs from challenging any of the specific acts by
defendants that they complain about.

[27]Although Hitham technically failed to exhaust administrative remedies with respect to
the "separation" assignments, because plaintiffs seek the same relief, and because Aktham
properly exhausted his administrative remedies, it makes little practical difference whether or not
I dismiss Hitham's claim for failure to exhaust administrative remedies.

[28]There is some disagreement among the federal courts of appeals as to whether the
PLRA permits a district court to review an exhausted claim brought by a prisoner when the

15

B.    Sufficiency of Service of Process

Defendants argue that plaintiffs' remaining claims should be dismissed under Federal

Rule of Civil Procedure 12(b)(5)[29] for insufficient service of process because plaintiffs failed to

serve the United States Attorney General or any individual defendants. Under Federal Rule of

Civil Procedure 4(i), which governs service upon the United States and its employees, when an

employee of the United States is sued in his or her personal capacity, "service of process shall be

effected by delivering a copy of the summons and of the complaint to the United States attorney

for the district in which the action is brought . . . to the Attorney General of the United States . .

." and to the individual defendants. Fed. R. Civ. P. 4(i)(1) & 2(B). Here, contrary to defendants'

---

complaint also raises unexhausted claims. *Compare Ortiz v. McBride*, 380 F.3d 649, 663 (2d
Cir. 2004) ("[W]e do not think that requiring district courts to dismiss the entirety of any prison-
conditions action that contains exhausted and unexhausted claims, and thereby requiring
prisoners to institute their actions containing only the exhausted claims in federal court all over
again, is a meaningful way to 'reduce the quantity and improve the quality of prisoner suits,' or
to 'help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits'")
(internal citations omitted), *with Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005)
(holding that "total exhaustion is required under the PLRA."), *and Ross v. County of Bernalillo*,
365 F.3d 1181, 1190 (10th Cir. 2004) (same) *and Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.
2000) (per curiam) ("When multiple prison condition claims have been joined . . . the plain
language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as
to all of the claims."). The Third Circuit has not resolved this issue, although, in a recent non-
precedential opinion, the court upheld a district court's order dismissing a prisoner's complaint
because he failed to exhaust administrative remedies on *all of the claims* in his complaint. *See
Vazquez v. Ragonese*, No. 05-1203, 2005 U.S. App. LEXIS 16118, at *1–*2 (3d Cir. Aug. 4,
2005) (non-precedential); *see also Rivera v. Whitman*, 161 F. Supp. 2d 337, 343 (D.N.J. 2001)
(concluding that "the plain language of the § 1997e(a), as well as the legislative intent and policy
interests behind it, compels a 'total exhaustion' rule."). Nonetheless, here, because defendants'
have not raised a "total exhaustion" argument, and because the issue remains unsettled in this
circuit, I will assume for the purposes of this case only that the PLRA does not include a "total
exhaustion" component, and I will address the merits of plaintiffs' exhausted claims.

[29]Although defendants' motion solely purports to rely on Rule 12(b)(6), because courts
may only dismiss a complaint for insufficient service of process under Rule 12(b)(5), I will
assume that defendants intend to seek relief under this provision.

assertions, the docket report indicates that the United States attorney, the Attorney General, and each individual defendant, have been properly served.[30] Moreover, even if defendants have not been properly served, this was not plaintiffs' responsibility because the court authorized them to proceed *in forma pauperis.* Under Federal Rule of Civil Procedure 4(c)(2), in cases where the plaintiff is authorized to proceed *in forma pauperis,* service is to "be effected by the United States marshal, deputy United States marshal, or other person or officer appointed by the court for the purpose." *See also* 8 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). Here, the court absolved plaintiffs of any responsibility to effectuate service of process when it granted plaintiffs leave to proceed *in forma pauperis* on July 7, 2003. For these reasons, I will deny defendants' motion to dismiss with respect to the service of process issue.

## C.    The "Separation" Assignments

Plaintiffs only remaining claim alleges that plaintiffs' "separation" assignments violate their right to due process. (Pls.' Reply to Defs.' Mot. at 11.) They seek injunctive relief voiding the assignments and money damages in connection with defendants' imposition of these restrictions. (Pls.' Second Reply to Defs.' Mot.) Defendants contend that these allegations fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pled allegations of fact in the plaintiff's complaint, and any reasonable inferences that may

---

[30]According to the docket report, the United States Attorney and the United States Attorney General were served on May 12, 2004. Defendant Chandler was personally served by the United States' Marshals' Service on August 1, 2003, defendant Morrison was personally served by the United States Marshals' Service on August 5, 2003, and the remaining defendants were personally served by the United States' Marshals' Service on May 17, 2004.

17

be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *Colburn v. Upper Darby Township*, 838 F.2d 663, 665–66 (3d Cir. 1988) (citations omitted). Although the court must construe the complaint in the light most favorable to the plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Courts will grant a 12(b)(6) motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *Pro se* complaints, such as plaintiffs, "must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

1.      *Plaintiffs' claim for injunctive relief*

Because plaintiffs have failed to provide any further details about the legal theory behind their challenge to the "separation" assignments, I will assume that plaintiffs intend to proceed under the line of cases that have established a fundamental substantive due process right to association among family members. *See, e.g., Moore v. East Cleveland*, 431 U.S. 494, 503–04 (1977) (plurality opinion) (invalidating a zoning ordinance that intruded on family living arrangements because "the Constitution protects the sanctity of the family"). When prisoners have attempted to invoke these cases to obtain family visitation rights, courts have uniformly held that the constitution does not confer a right to visitation upon prisoners and their family

18

members.[31] *See Mayo v. Lane*, 867 F.2d 374, 375–76 (7th Cir. 1989) ("Prison necessarily

disrupts the normal pattern of familial association, so lawful imprisonment can hardly be thought

a deprivation of the *right* of relatives to associate with the imprisoned criminal.") (emphasis in

original) (citation omitted); *Neumeyer v. Beard*, No.02-2152, 2003 U.S. Dist. LEXIS 24066, at

*10-11 (M.D. Pa. Nov. 20, 2003) ("It is well-settled that convicted prisoners, their family and

spouses have no constitutional right to visitation."); *Africa v. Vaughn*, 1996 U.S. Dist. LEXIS

1622, at *1 (E.D. Pa. Feb. 14, 1996) (same); *cf. Jones v. N.C. Prisoners' Labor Union, Inc.*, 433

U.S. 119, 125 (1977) ("The concept of incarceration itself entails a restriction on the freedom of

inmates to associate with those outside of the penal institution. Equally as obvious, the inmate's

'status as a prisoner' and the operational realities of a prison dictate restrictions on the

associational rights among inmates."). If prisoners have no constitutional right to receive visits

from family members who are not incarcerated, they certainly have no protected right to associate

with family members who are incarcerated. Hence, because plaintiffs have failed to allege an

underlying constitutional violation to support their *Bivens* action, I will dismiss their claim for

injunctive relief challenging the BOP's "separation" assignments under Federal Rule of Civil

Procedure 12(b)(6).[32]

---

[31]Courts have also rejected attempts by prisoners to obtain family visitation rights under
the First Amendment. *See Thorne v. Jones*, 765 F.2d 1270, 1274 (5th Cir. 1985) ("Such
incarcerated persons as [plaintiffs] maintain no right to simple physical association -with their
parents or with anyone else -grounded in the first amendment.")

[32]To the extent that plaintiffs intend to argue that they have a protected liberty interest
under the procedural component of the due process clause in being assigned to a particular
institution, or in a particular security classification, the Supreme Court has specifically rejected
these arguments. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976) ("Congress has given federal
prison officials full discretion to control [prisoner classification and eligibility for rehabilitative
programs] . . . and petitioner has no legitimate statutory or constitutional entitlement sufficient to
invoke due process."); *Meachum v. Fano*, 427 U.S. 215, 223–29 (1976) (determining that no due

2.    *Plaintiffs' claim for damages against individual defendants*

Plaintiffs assert that they are somehow entitled to money damages as a result of the

imposition of their "separation" assignments. Defendants counter that they are immune from suit

under the doctrine of qualified immunity. When a defendant in a *Bivens* action raises qualified

immunity, the court must apply the following two-step approach. First, the court must determine

whether "the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v.*

*Katz*, 533 U.S. 194, 201 (2001). Next, "if a violation could be made out on a favorable view of

the parties' submissions," the court must decide "whether the right was clearly established." *Id.*

Here, plaintiffs appear to blame an unidentified U.S. attorney, rather than any named

defendant, for their "separation" assignments. Plaintiffs assert that they were given "separation"

assignments because the U.S. attorney expressed "false concerns" about the potential for ongoing

criminal conduct between plaintiffs. (Pls.' Reply to Defs.' Mot. at 11.) At the outset, plaintiffs

claim against the U.S. attorney must fail because they neglected to include the U.S. attorney as a

defendant in the amended complaint. Further, even if the U.S. attorney were a named defendant,

he or she would have qualified immunity against any claims in connection with plaintiffs'

separation assignments. As I described above, plaintiffs' allegations with respect to the

separation assignments fail to state a valid constitutional claim. Additionally, plaintiffs have

failed to provide any specific allegations describing the alleged "false concerns" expressed by the

U.S. attorney that might suggest that the U.S. attorney's conduct violated a constitutional right.

*See Saucier*, 533 U.S. at 201. Finally, the unidentified U.S. attorney's concerns about an ongoing

---

process protections were required upon the discretionary transfer of state prisoners to a prison
with less desirable living conditions); *see also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("It is
plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive
reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.")

20

criminal conspiracy between plaintiffs were apparently well-founded because both plaintiffs pled guilty to engaging in a conspiracy to cash counterfeit checks while they were in federal custody. For these reasons, defendants, and the U.S. attorney, have qualified immunity against plaintiffs' damages claim, and I will grant defendants' motion to dismiss on these claims.

## IV.   CONCLUSION

For the reasons explained above, I will grant defendants' motion to dismiss, or alternatively, for summary judgment. Because the parties submitted affidavits beyond the scope of the complaint on the issue of exhaustion, I will convert this portion of defendants' motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b). Because plaintiffs have failed to properly exhaust their administrative remedies for their challenge to the BOP's correspondence restrictions, I will grant defendants' motion for summary judgment and dismiss these claims. I will dismiss plaintiffs' challenge to the 1998 "English only" restrictions with prejudice because plaintiffs are procedurally barred from raising these claims under the BOP's twenty-day time limit for administrative grievances. I will dismiss plaintiffs' challenge to the 2001 correspondence restrictions without prejudice because these restrictions remain in place, and thus, plaintiffs may file a new grievance challenging these restrictions at any time. Lastly, because plaintiffs have no constitutional right to familial association while incarcerated, I will dismiss plaintiffs' challenge to their "separation" assignments under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. An appropriate order follows.

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HITHAM ABUHORAN and AKTHAM ABUHOURAN,  :
    Plaintiffs,                               :

                                       :      CIVIL ACTION

    v.                                  :

                                       :      No. 03-3091

R.L. MORRISON, et al.                 :
    Defendants.                         :

                                       :

## ORDER

AND NOW, this _____ day of September, 2005, upon consideration of defendants'

motion to dismiss plaintiffs' amended complaint, or, alternatively, for summary judgment (Doc.

No. 62), plaintiffs' opposition thereto (Doc. No. 72), defendants' consolidated reply in further

support of their motion (Doc. No. 77), and plaintiffs' reply thereto (Doc. No. 80), it is hereby

ORDERED that the motion is GRANTED as follows:

    1.    Plaintiffs' challenge to FCI McKean's 1998 correspondence restrictions is

          DISMISSED with prejudice.

    2.    Plaintiffs' challenge to FCI Elkton's 2001 correspondence restrictions is

          DISMISSED without prejudice.

    3.    Plaintiffs' challenge to their "separation" assignments is DISMISSED with

          prejudice.

    4.    The amended complaint is DISMISSED.

    5.    The Clerk is directed to mark this case CLOSED for statistical purposes.

                                             _____

                                          William H. Yohn. Jr., J.

23